## CHRISTIAN BOEKER, SR.,
## v.
## HENRY HESS.

*Negotiable Instruments—Note—Forgery—Evidence*—Res Gestæ.

1. When a witness has, on a prior occasion, made a written statement at variance with the statement he makes on the trial, it is admissible to call his attention to such previous statement on cross-examination, and ask an explanation.

2. A party can not testify as to his own declarations in the absence of the other party, if they are not part of the *res gestæ.*

3. It is error to exclude from the jury pleas which have been filed in the cause.

4. The evidence in this case is held to establish that appellant's signature to the note in suit was a forgery.

[Opinion filed December 16, 1889.]

Boeker v. Hess.

APPEAL from the County Court of La Salle County; the Hon. FRANK P. SNYDER, Judge, presiding.

Mr. LESTER H. STRAWN, for appellant.

Messrs. SAMUEL RICHOLSON, W. L. SEELEY and B. F. LINCOLN, for appellee.

C. B. SMITH, J.    This suit was brought upon a promissory note for $300, dated December 26, 1886, executed at Streator, Illinois, payable to Henry Hess, and due in one year from date, at eight per cent interest.    The note contained a power of attorney to confess judgment, and it purported to be signed by Fred Goerne, C. Boeker and Christian Baker.    There was an affidavit filed, signed by Joseph Kopf and Henry Hess, to the genuineness of the signatures to the note, and a judgment confessed in the Circuit Court against all the defendants on the 11th of April, 1887, for $380.

.On the 29th of April, 1887, there was a motion made by Christian Boeker, Sr., sued by the name of Christian Boeker, Sr., and Christian Baker, Jr., to open up this judgment, and for leave to plead.    Both of these defendants state, in their affidavits in support of their motion, that they never signed this note or warrant of attorney, nor gave any person any authority to sign it, nor contracted or owed any debt for which the note was given.    Christian Baker, Jr., is the son of Christian Boeker, Sr., the son having adopted a different spelling for his name.

The motion was allowed and judgment suspended, and the defendants allowed to plead, and a trial ordered.    The defendants pleaded, first, the general issue, and second, a denial of making the note and power of attorney.

After these proceedings were had in the Circuit Court, and about the time the cause was called for trial, appellee dismissed his suit.    Shortly after dismissing his suit in the Circuit Court he again had judgment confessed in the County Court upon the same note against all the makers, and without any notice to the defendants.

Christian Boeker and Christian Baker again, on motion, had the judgment opened and suspended, and obtained leave to plead, the same as they had before done in the Circuit Court. They both in their pleas denied the execution of the note and power of attorney. Before the case was tried in the County Court appellee again dismissed his suit as against Christian Baker, but for what reason does not appear. The case was afterward tried before the court and a jury, resulting in a verdict against Fred Goerne and Christian Boeker, Sr., for $358.35. Christian Boeker entered a motion for a new trial, which was overruled, and thereupon the court vacated the judgment which had been entered against Fred Goerne and Christian Boeker, Sr., by confession, and entered a final judgment against Christian Boeker, Sr., alone, for the sum of $358.35, on the verdict. We do not desire to be understood as recognizing the correctness of this practice or proceeding in finally vacating the judgment as against Fred Goerne, and relieving him of the judgment entered against him by confession, or from the verdict upon the finding of the jury. He had made no objections to the judgment entered against him, and we are not aware of any reason for disturbing it, and especially so since he was the principal in the note and his name the only genuine signature on the note. The judgment was properly confessed as to him, and he never appeared and asked to have it vacated. From this judgment Christian Boeker, Sr., prosecutes this appeal, and assigns numerous errors committed against him.

The material facts in this case are about these: Fred Goerne was the son-in-law of Christian Boeker, Sr. He desired to borrow $300 from Henry Hess, and proposed to give Christian Boeker, Sr., and Christian Baker, Jr., as sureties. A blank note was filled out and Fred Goerne signed it, and took it away with him, saying he would get those sureties and bring the note back.

Within a day or so Goerne returned with the note to Hess, and said he had gotten the names of the sureties proposed, which then appeared on the note, and thereupon he delivered the note to Hess, and got the money secured by it.

Goerne paid some three installments of interest as it accrued on the note.   Goerne finally fled the country, and then, for the first time, demand was made upon appellant to pay the note, which he refused to do, insisting that it was a forgery.

On the trial before the court below, Joseph Kopf, a brother-in-law of appellee, testified that appellant signed the note in his barber shop; that the note had been handed to him, Kopf, by Henry Hess a day or so before, and that Goerne brought appellant, and that the note was then signed by appellant.

Fred Gleim testified that he had a talk with appellant in Streator, and that he told him he signed a note for $300 in the barber shop, and that he was willing to pay it, but he also says that appellant said the note was payable to the sister of the witness.   Upon this evidence the court admitted the note to be read to the jury.

On behalf of appellant several witnesses familiar with his handwriting swore that the signature on the note was not his genuine signature.   Both his sons swear that the signature of their father is not genuine, and Christian Baker, Jr., one of the sons, whose name was also on the note, swears that his name is forged, and that he did not sign it or authorize it to be signed.   Fred Goerne, now in the penitentiary for this very act, swears that the signature of both Bakers are forged; that he put them there without authority.   Christian Boeker, Sr., himself, an old man seventy-nine years of age, swears that he never signed this note, nor authorized any one to sign it for him, and that it is a forgery.   Lastly, the note itself, the signature to which is in question, has been photographed and put in the record, and submitted to our inspection, and leaves no reasonable doubt in our minds of the fact that both the names of Christian Boeker and Christian Baker are base and palpable forgeries, and are all in the same handwriting, and are written by the principal maker, Fred Goerne.   It is perfectly apparent, upon inspection, that the names were all written by the one person, and at the same time, and with the same ink.   The proof is that Boeker is an old man and writes with a trembling hand, while the signature to the note has no such indication. but on the contrary is written with a steady and even hand.

We think the great preponderance of the evidence, aside from the note itself, established the fraudulent character of the note. Henry Hess himself gives a very different account of how this note came to be executed in his affidavit for a confession of judgment from the account he swears to on the trial. We think the verdict was against the evidence and for that reason should be set aside.

But there are numerous other errors, committed in the progress of the trial, detrimental to appellant. In the affidavit made by appellee in the Circuit Court, in order to procure the confession of judgment, he swore that when the note was filled out he gave it to Fred Goerne to get the other signatures, and that Goerne himself returned the note to him signed, and informed him that the two Bakers had signed it. On the trial he testified that after Fred Goerne signed the note he (appellee) gave it to Joe Kopf, and told him to have Boeker sign it. On cross-examination appellee was handed the affidavit referred to and asked if he had not therein stated that he gave the note to Goerne to have him get the signatures of the two Bakers to it. To this question appellee objected and the court sustained the objection and appellant excepted. In this there was error. Appellant had a right to call on appellee in cross-examination to explain, if he could, why he made the statements directly opposed to each other; and if he could not, appellant was entitled to have that matter submitted to the jury. It was a matter well calculated to seriously affect the value of appellee's testimony before the jury. When a witness has made written statements material to the issue, on a prior occasion, substantially variant from the statement he makes on the trial, the other party not only has the right but it is his duty to call his attention to such previous statements or writings on cross-examination and give him an opportunity to explain them, if he desires to contradict or impeach him by the introduction of such previous writings.

The witness should have been required to answer the question.

Again, in appellee's testimony he was asked by counsel if he gave Joe Kopf any instructions with regard to the note

when he gave it to him, and if so what they were. Against appellant's objections appellee was permitted to give his instructions and what he said to Joe Kopf in the absence of appellant.

This conversation in the absence of the appellant should not have been admitted. The effect of it was to support appellee's theory and was prejudicial to appellant. A party can not make evidence for himself by his own declarations in the absence of the other party and when such conversations are not a part of the *res gestæ.*

Appellant offered in evidence the pleas sworn to by himself, to which objection was made and the court sustained the objection. This was error. The pleas were a part of the record and were properly before the jury; they have a right to inspect them and it was error to say they could not do so.

In another place, when appellant offered to prove what appellee had stated in his affidavit before the Circuit Court, the presiding judge, in sustaining the objection, remarked that the proceedings in the Circuit Court had nothing to do with the trial then being had.

Appellant was insisting, and properly, we think, that the proceedings in the Circuit Court did have something to do with the pending trial in the County Court. Appellant afterward introduced the affidavit made by appellee, and he was entitled to have the jury consider the conflicting statements made by appellee without the opinion of the judge as to their effect, but the remarks of the court complained of had a strong tendency to induce the jury to believe that no importance was to be attached to the affidavit.

Without noticing other errors complained of, the judgment will be reversed and remanded.

*Reversed and remanded.*