## Charles Baker, Administrator of the Estate of Christian Boeker, Deceased, v. Henry Hess.

53 473
93 ¹296
53 473
94 ¹359

1. RES ADJUDICATA—*When a Decision of the Appellate Court is Not.*—Where the judgment of the Appellate Court is merely a reversal of the judgment of the County Court, to which court the case is remanded for a new trial, in accord with the rules of law, and for a decision upon all such evidence as the parties might see fit to offer, such judgment is not *res adjudicata.*

2. DECLARATIONS—*Affidavit Made in Entering Judgment on a cognovit.*—Where a judgment by confession is entered in the Circuit Court upon a *cognovit,* and is afterward vacated and suit brought upon the

note in the County Court, the affidavit of the plaintiff, made for the purpose of having the judgment entered in the Circuit Court, is competent as a declaration of a party to the record.

**Memorandum.**—Assumpsit on a promissory note. Appeal from the Circuit Court of La Salle County; the Hon. S. P. HALL, Judge, presiding. Heard in this court at the December term, 1893, and reversed. Opinion filed May 22, 1894.

The opinion states the case.

APPELLANT'S BRIEF, BREWER & STRAWN, ATTORNEYS.

All questions of law or fact decided on the first appeal can not be questioned or considered on a second appeal. They are *res judicata*. Rising v. Carr, 70 Ill. 596; Tuttle v. Garrett, 74 Ill. 444; Moshier v. Norton, 100 Ill. 63; Newberry v. Blatchford, 106 Ill. 584; Loomis v. Cowen, 106 Ill. 660; Smyth v. Neff, 123 Ill. 310; Miller v. Pence, 131 Ill. 122.

This rule applies to the Appellate Court with equal force. Ward v. Johnson, 5 Brad. 30; Oldershaw v. Knowles, 6 Brad. 325; Ogle v. Turpin, 8 Brad. 453; Flower v. Brumbach, 30 Ill. App. 294; Allemania Fire Ins. Co. v. Peck, 33 Ill. App. 548; Shimp v. Cedar Rapids Ins. Co., 26 Ill. App. 254; Doyle v. Sanford, 26 Ill. App. 156; Butler v. Merrick, 24 Ill. App. 628; Agnew v. Brall, 25 Ill. App. 190; Village of Desplaines v. Poyer, 22 Ill. App. 574; Keiser v. Cox, 16 Brad. 631.

The Appellate Court having held that an affidavit should have been admitted in evidence, such ruling, whether right or wrong, became a rule of law in the case. Oldershaw v. Knowles, 6 Brad. 325.

SNYDER, STEAD & ELDREDGE, attorneys for appellee.

MR. JUSTICE CARTWRIGHT DELIVERED THE OPINION OF THE COURT.

This case was brought to this court at the May term, 1889, by an appeal of appellant's intestate, and a judgment in favor of the appellee was reversed, for the reasons given in the opinion filed in the case, which were, that errors therein pointed out, detrimental to appellant, were committed by

the trial court, in ruling on the admission of evidence, and in making remarks on the effect of evidence introduced, and because the verdict was against the evidence. The cause was then remanded to the County Court for further proceedings. The history of the case up to that time is fully given in said opinion, to which reference may be had for such history. Boeker v. Hess, 34 Ill. App. 332.

The cause was reinstated in the County Court and the defendant, Christian Boeker, having died, his administrator was substituted as defendant. The case was again tried and there was a verdict for plaintiff for $513.67, on which the court entered judgment.

It is first contended for appellant that the former decision of this court settled the fact that the note sued on was not executed by Christian Boeker, and that such fact was *res judicata*. It is therefore claimed that the County Court was bound to treat that fact as settled, and that defendant's peremptory instruction, reciting that this court had found the note to be a forgery and directing a verdict for defendant, should have been given. This claim is not well founded. This court was of the opinion that the evidence produced on the former trial proved the note to be a forgery, and that therefore the verdict was against such evidence, and that was given as one reason for reversing the judgment, but the cause was remanded to enable the parties to try it again upon any legitimate evidence. The opinion established certain legal principles governing the case, and the judgment of this court was conclusive, but that judgment was merely a reversal of the judgment of the County Court, to which court it was remanded for a new trial in accord with the rules of law, and for a decision upon all such evidence as the parties might see fit to offer.

On the trial now under review, the plaintiff claimed and offered evidence to prove that one Joseph Kopf, his brother-in-law, who kept a barber shop in Streator, received the note and $300 from him; that the note had been signed by Fred Goerne; that two or three days after that time Christian Boeker and Fred Goerne came to said barber shop;

that Christian Boeker then and there signed the note; that all three of said parties then started toward a blacksmith shop where Christian Boeker, Jr., was said to be, to get his signature; that Kopf stopped near the shop and the others walked on; that Goerne returned the note to Kopf with the name of Christian Boeker, Jr., on it, and that Kopf thereupon gave the $300 to Goerne and turned the note over to plaintiff. This was presented to the jury as the true history of the execution of the note. The defendant, in order to meet and overcome this presentation of alleged facts by the declaration of the plaintiff himself, offered in evidence the affidavit of the plaintiff, made in entering a judgment on the note in the Circuit Court, wherein he swore that Fred Goerne came to him and borrowed the money for which the note was given; that Goerne took the note and said that he would go and get C. Boeker and Christian Boeker to sign the same: that Goerne returned the note to plaintiff and informed him that said C. Boeker and Christian Boeker had signed the same and that said Goerne delivered said note to plaintiff. The court excluded the affidavit.

The circumstances attending the alleged execution of the note, as given in the affidavit, were utterly inconsistent with those presented to the jury by the plaintiff and insisted upon as the truth, and amounted to a declaration that the evidence presented on the trial was not true. It is contended that the affidavit was not competent because it was not made in this case in the County Court, and because it could only be used to discredit a witness, and as the plaintiff did not testify on the last trial, there was nothing to impeach. The competency of a declaration of a party to the record is not affected by the question where it is found, or by the fact that it is not made in the course of the proceeding in court. On the former appeal one question concerning the affidavit arose on the cross-examination of plaintiff as a witness, and it was held that he might be examined touching it; but there was no intimation that the defendant could not rebut the proof offered by the plaintiff on the trial by his own declaration. The opinion recites that the defendant afterward in-

troduced the affidavit in evidence. While the declaration of the plaintiff might affect his character as a witness in case he should testify, its uses were not limited to that object alone, and it should have been admitted.

Other errors have been assigned of a minor character which we do not deem it necessary to discuss, as we feel compelled to reverse the judgment upon the evidence in the record.

. That Christian Boeker signed a note in Kopf's barber shop was admitted by him in his lifetime, and was testified to by Fred Goerne, but the only conclusion that we can come to is that this was not the note. Its identification rested solely upon the recollection of Kopf, and in his testimony there was such a misdescription and want of recollection of the terms of the note, that, taken with the lapse of time and ordinary experience as to ability to recollect and identify such a paper, his evidence is manifestly so insufficient to overcome the evidence that the signature was not in the handwriting of Christian Boeker, that a verdict based upon the supposed identification can not be permitted to stand. The note has been sent to this court for inspection in connection with the evidence concerning the peculiarities in the handwriting of the alleged signer. All the evidence on the subject of handwriting was to the effect that the signature was a forgery, and we are convinced that such was the fact. The plaintiff has been given the opportunity of introducing any evidence in his power not produced on the first trial, and has failed to strengthen the proof of the execution of the note in any particular. No beneficial result could be expected by remanding the case for further trial, and the judgment will be reversed.

Finding of facts to be incorporated in judgment:

We find that Christian Boeker, deceased, did not make, sign or execute the promissory note in the plaintiff's declaration described upon which this action was brought, and which was introduced in evidence on the trial of the cause; that the name C. Boeker appearing on said note is not the signature of said Christian Boeker, deceased, and that said note was the only cause of action sued on.