SAMUEL H. SWEET *et al.*

*v.*

THE WEST CHICAGO PARK COMMISSIONERS.

*Opinion filed December 21, 1898—Rehearing denied February 9, 1899.*

1. SPECIAL ASSESSMENTS—*jury merely pass upon benefits, and not upon right to levy assessment.* A jury empaneled to determine the question of the benefit to property by reason of an improvement has nothing to do with the question whether the petitioner has established a legal right to a judgment of confirmation.

2. SAME—*when refusal of instruction is proper.* An instruction to the jury in a special assessment case that the petitioner was required to prove all material allegations of the petition is properly refused, as the only question for the jury is the matter of benefits, and proof of allegations of the petition in other respects need not be produced.

3. RES JUDICATA—*when former judgment is res judicata.* A judgment of the Supreme Court reversing a judgment of the county court refusing confirmation of an assessment, which establishes the right of petitioner to the assessment and sustains the sufficiency of the petition and regularity of the proceedings, and directs the county court to proceed to a trial on the question of benefits, is conclusive as to the matters so determined, and re-argument will not be allowed on appeal from the verdict of damages.

APPEAL from the County Court of Cook county; the Hon. WILLIAM T. HODSON, Judge, presiding.

PECK, MILLER & STARR, and GEORGE W. WILBUR, for appellants.

FRANCIS A. RIDDLE, and H. S. MECARTNEY, for appellees.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This was a proceeding instituted by the appellee commissioners in the county court of Cook county, under the provisions of section 20 of an act of the General Assembly in force July 1, 1895, entitled "An act to authorize the corporate authorities of towns to issue bonds for the completion and improvement of public parks," etc., (Hurd's

Stat. 1897, chap. 105, par. 159,) to levy, assess and collect a new special assessment on property benefited by the improvement before that time made by said commissioners of certain parts of Ogden avenue and Twelfth street as a boulevard leading to Douglas Park, in the city of Chicago, under a prior special assessment, which prior assessment proceeding had been declared void by the order and judgment of the circuit court of Cook county.

Objections other than that the property of the objectors would not be and had not been benefited by the improvement were interposed in the county court of Cook county and were by the court set down for hearing before the court, as is required by paragraph 554 of chapter 24, entitled "Cities," etc. (Hurd's Stat. 1897.) The court sustained such objections and the petition was ordered to be dismissed. The appellee commissioners perfected an appeal to this court, and it was found such objections were not well grounded, and the order and judgment of the county court dismissing the petition were reversed and the cause was remanded, with directions to the county court "to proceed to a trial of the question of benefits." (*West Chicago Park Comrs.* v. *Sweet*, 167 Ill. 326.) The cause was re-docketed in the county court in obedience to the mandate of this court, and a jury was empaneled to try the issues arising on objections of the owners of property sought to be assessed, relating to the question of benefits to such property. These questions were heard by a jury and a verdict rendered that the property was not assessed more or less than it was benefited nor more or less than its proportionate share of the cost of the improvement. This is an appeal by the owners of such property from a judgment entered upon the verdict of the jury.

This court, by the decision rendered in this cause when it was before us at a former term, (*West Chicago Park Comrs.* v. *Sweet, supra,*) conclusively settled all objections relating to the power of the appellee commissioners to institute the proceeding or to the regularity and sufficiency of

the proceeding. For this reason objections urged in the brief of counsel for appellants which challenge the right and power of the appellants to institute the proceeding, or which question the sufficiency of the petition or the regularity of the proceedings in other respects, cannot be considered.

The court properly refused to permit appellants to introduce proof tending to show the improvement had been paid for by the commissioners. The improvement was made by the commissioners under a prior assessment proceeding which was found and declared by a competent court to be void. Without expressing any opinion on the question whether the fact, if true, the improvement had been fully paid for by the commissioners would constitute a valid objection to the right of the commissioners to maintain a new assessment proceeding under said section 20, it is sufficient to say, in the present instance it is in no sense a proper subject of inquiry by a jury empaneled to determine the question of benefit conferred upon property by the improvement.

Section 21 of the act under which the proceeding is prosecuted requires the commissioners shall place upon the assessment, to the credit of any property sought to be assessed, the amount collected from such property by the prior illegal assessment. If complied with, this provision amply protects each property holder against double payments of assessments. It is not complained the appellee commissioners omitted any proper credit from the rolls, and no question of collections under the former proceedings or payments for the improvement could arise.

The ordinance upon which the illegal assessment was in part based was received in evidence. The propriety or necessity for such proof is not perceived, but no reason is urged, and we see none to suppose, the cause of the appellants was in any way or degree prejudiced thereby.

It is vigorously urged the evidence failed to show the improvement had been beneficial to the property of ob-

jectors sought to be assessed. A large number of witnesses gave testimony *pro et con* upon the point. It would be impracticable to recite the testimony in detail or to here discuss its proper weight and bearing. We have thoroughly investigated the evidence and think it amply sufficient to justify the finding of the jury. When a court of review is constrained to set aside and vacate the verdict of a jury on the ground they have misconstrued or misapprehended testimony, or erred as to the weight and bearing of facts proven and returned a verdict against the preponderance thereof, it is important the opinion of the court shall demonstrate the verdict is palpably wrong. This may demand a review and full discussion of the facts disclosed by the proof. But when we find the verdict supported by the testimony there seems no reason why the opinion should be extended by the recitation and discussion of the facts upon which the jury returned a proper finding.

Objection is made to but one instruction given by the court. The criticism is, the instruction presented but one view of the case, and that the one favorable to the commissioners, and that it is practically an instruction to find for the commissioners. The purpose of the instruction was to supply the jury with a form for their verdict if they should find for the appellees. It concluded with a proper form for such a verdict, which was preceded with the direction that if they believed, from the evidence, the assessment of the property of the objectors was correct, and that such property had not been assessed more than specially benefited or more or less than its proportionate share of the cost of the improvement, their verdict might be rendered in the form given. The objection is groundless.

The refusal of the court to instruct the jury, as asked by instruction No. 13 presented by the appellants, that the commissioners were required to prove the material allegations of the petition, is assigned as for error. The

only issue for the determination of the jury was whether the property of the objectors had been benefited by the improvement to the amount assessed against it or had been assessed more than its proportionate share of the cost of the improvement. Proof as to the allegations of the petition in other respects was not required to be produced before the jury, hence the instruction was properly refused.

The judgment is affirmed.

*Judgment affirmed.*