WESLEY DEMPSTER *et al.*

*v.*

THE PEOPLE *ex rel.* Raymond, County Treasurer.

*Opinion filed December 18, 1899.*

The questions here raised have been determined adversely to appellants in the former cases of *West Chicago Park Comrs.* v. *Sweet,* 167 Ill. 326, and *Sweet* v. *West Chicago Park Comrs.* 177 id. 492.

APPEAL from the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

GEORGE W. WILBUR, for appellants.

FRANCIS A. RIDDLE, H. S. MECARTNEY, and ENOCH J. PRICE, for appellee.

Per CURIAM: The West Chicago Park Commissioners levied a special assessment upon the lands of appellants to pay for an improvement of West Twelfth street and Ogden avenue boulevard. The circuit court of Cook county confirmed the assessment and appellants brought the case to this court by appeal. The judgment was reversed and the cause remanded, and the case is reported as *Thorn* v. *West Chicago Park Comrs.* 130 Ill. 594. The case was re-docketed in the circuit court and the petition dismissed. In the meantime the improvement had been

183—21

completed and the park commissioners commenced a new proceeding in the county court of Cook county, under the statute, for the purpose of obtaining its cost by special assessment. Appellants appeared and objected, and the court sustained their objections and dismissed the proceeding. An appeal was prosecuted from that judgment, and we held that the court erred in sustaining the objections and reversed the judgment. The cause was remanded, with directions to proceed to a trial of the question of benefits. (*West Chicago Park Comrs.* v. *Sweet,* 167 Ill. 326.) Such a trial was had as directed, and a judgment was entered upon the verdict of a jury confirming the assessment. Appellants again brought the case to this court and raised the same objections as before, but we said that the decision when the case was before us at a former term conclusively settled all objections relating to the power of the park commissioners to institute the proceeding or the regularity and sufficiency of the proceeding. We held that the objections urged could not be considered and that the former judgment was *res judicata.* The judgment of the county court was affirmed. (*Sweet* v. *West Chicago Park Comrs.* 177 Ill. 492.) The property of appellants was returned as 'delinquent by reason of the non-payment of said special assessments, and application was made for judgment and order of sale. Appellants filed objections, which were overruled and judgment was entered, and they again bring the proceeding to this court by the appeal in this case.

Every question raised has been adjudged against the appellants on former appeals. There is no objection which goes to the jurisdiction of the court which rendered the judgment of confirmation or to the proceedings in the county court for the judgment and order of sale. The only questions raised have been foreclosed by former decisions, and the judgment of the county court is affirmed.                    *Judgment affirmed.*