### Elvira James v. Illinois Central R. R. Co.

1. PRACTICE—*Effect of a Remanding Order.*—Under an order of the
Appellate Court reversing a judgment and remanding a cause to the
Circuit Court " for such other proceedings as to law and justice shall
appertain," the case is open for a new trial and all necessary and proper
incidents thereto, and the parties are not, nor is the court, confined to
any particular course to be observed on such new trial, but are left free
in matters of pleading and evidence, to adopt such a course as the law
authorizes and as counsel may advise.

2. SAME—*Opinions of the Appellate Court Binding upon Trial
Courts.*— Where a judgment is reversed by the Appellate Court, and
the cause is remanded for a new trial, the opinion of the Appellate

Court establishes the law of the case as applied to the same pleadings and evidence that were in the case at the former trial, and may be referred to by the judge presiding, for the purpose of ascertaining what the law was held to be.

**Trespass on the Case,** for personal injuries. Error to the Circuit Court of Cook County; the Hon. Abner Smith, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1900. Affirmed. Opinion filed February 19, 1901.

Rosenthal, Kurz & Hirschl, attorneys for plaintiff in error.

William A. Howett, attorney for defendant in error; J. G. Drennan, of counsel.

The former decision of the court is *res adjudicata* upon this appeal.

The rule of law is well settled, that when an Appellate Court has once passed on questions in a case its decision as to those questions remains the law of the case in all its subsequent stages, and *res adjudicata*, binding not only on the trial court in any subsequent trial, but also on the Appellate Court itself on a subsequent appeal in the same case.

The court has repeatedly laid down and applied this well settled rule of law.

See, *e. g.*, the following decisions of this court: Oldershaw v. Knoles, 6 Brad. 325; C. D. F. F. Co. v. Van Dam, 50 Ill. App. 470; Ry. Co. v. Hoyt, 44 Ill. App. 48; Village of Des Plaines v. Poyer, 22 Ill. App. 574; C. W. Co. v. Sargeant, 40 Ill. App. 438; Ry. Co. v. Snyder, 27 Ill. App. 476; Allemania Ins. Co. v. Peck, 33 Ill. App. 548; Flower v. Brumbach, 30 Ill. App. 294; Ogle v. Turpin, 8 Brad. 453; U. M. L. Ins. Co. v. Kirchoff, 51 Ill. App. 67; Mogk v. C. C. Ry. Co., 80 Ill. App. 411.

The Supreme Court of this State has also repeatedly applied this rule of law.

See, *e. g.*, Smyth v. Neff, 123 Ill. 310; Johnson v. Von Kuttler, 84 Ill. 315; West v. Douglass, 145 Ill. 164; Hook v. Richeson, 115 Ill. 431; Moshier v. Norton, 100 Ill. 63.

MR. PRESIDING JUSTICE SHEPARD delivered the opinion of the court.

This case was here once before upon appeal by the present defendant in error, and is reported, with the title reversed, in 67 Ill. App. 649, where the facts can be found.

It is conceded that the facts shown by the record in this case are essentially the same as they were in the record under review in the former appeal.

The judgment of this court in reversing and remanding the cause, on the determination of the former appeal, was that the judgment appealed from be reversed and that the cause " be remanded to the Circuit Court of Cook County, for such other proceedings as to law and justice shall appertain."

Undoubtedly under such a remanding order the case was open for a new trial and all necessary and proper incidents thereto. The judgment did not restrict or confine the parties or the trial court to any particular course to be observed on such new trial, but left them free in matters of pleading and evidence to adopt such a course as the law authorizes and as counsel learned in the law might advise.

The opinion of this court, however, established the law of the case as applied to the same pleadings and evidence that were in the case at the former trial, and might be looked at by the judge presiding at the last trial to ascertain what the law was held to be. Baker v. Hess, 53 Ill. App. 473.

So looking, the trial judge would have seen that this court held, under the pleadings and evidence in that record, which were substantially identical with the record now before us, there could be no recovery by plaintiff in error because of her contributory negligence.

It was therefore proper, and the duty of the trial court, to take the case from the jury by a peremptory instruction.

The argument of counsel for the plaintiff in error, that under the former judgment of this court she was entitled to have a jury pass upon the evidence irrespective of what our holdings were as to the effect of such evidence upon her rights as announced in our former opinion, can not be

sustained. No authority is known to us or has been referred to by counsel upholding such a view.

We have carefully examined the cases cited by counsel as showing that the case should have been submitted to the jury, but can not concede their effect to be as contended for.

The case being the same, in substance, as was formerly before us, the law is the same as it was then. We observe no questions that are argued on the evidence or rulings of the court that were not considered and passed upon on the former appeal, and the judgment must be affirmed.