### Reuben R. Freeman, Executor of W. A. Koontz, v. A. W. Walker.

1. LIMITATIONS—*New Promise may be Implied.*—In order to take a case out of the statute of limitations there must be a promise to pay the debt, but such promise may be implied from an unqualified admission that the debt is due and unpaid.

Assumpsit, on a promissory note. Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in this court at the October term, 1896. Reversed and remanded. Opinion filed December 14, 1896.

STATEMENT OF THE CASE.

This was a suit on a promissory note, brought by W. A. Koontz against A. W. Walker. The declaration consisted of the common counts, together with a special count describing the note sued on, a copy of which attached to the declaration, is as follows:

"$1,199 25-100.

SHELBYVILLE, ILLS., March 15th, 1883.

One day after date I promise to pay to the order of W. A. Koontz, eleven hundred ninety-nine and 25-100 dollars, for value received, with interest at the rate of eight per cent per annum from date. Payable at the bank of W. P. Thornton & Son.

A. W. WALKER."

To the declaration a plea of the statute of limitations was interposed by the appellee.

To the plea of the statute of limitations, two replications were filed by the appellant. One of the replications alleged that prior to the lapse of ten years from the date the cause of action accrued the appellee made a new promise in writing, whereby he acknowledged and promised to pay the note. The other replication alleged that after the lapse of ten years from the date the cause of action accrued, the appellee made a new promise in writing, whereby he acknowledged and promised to pay the note.

To these replications issues were joined, and a trial was had on June 22, 1896. After the evidence of the appellant was introduced, the court refused all instructions offered on behalf of the appellant, and instructed the jury to find its verdict for the appellee; and after overruling appellant's motion for a new trial, entered judgment on the verdict, from which judgment this appeal is prosecuted.

While the case was pending in the Circuit Court, and before trial, the plaintiff died, and his death being suggested on the record, it was ordered that the cause proceed in the name of Reuben R. Freeman, executor of the last will and testament of W. A. Koontz, deceased.

On the trial of the case, the note in question was allowed to go in evidence to the jury upon the promise of counsel for appellant to the court, that he expected to prove that after the statute of limitations had begun to run, there was a promise to pay the note. The appellant then offered in evidence the following letters:

"LA GRANGE, ILLS., Feb. 2, 1890.
John M. Stroup, Esq., Sedalia, Ohio.

DEAR SIR: Yours of the 16th inst. received, and in reply desire two things of you: First, I can't remember that I owed you any balance. If I could find my books, in which was an itemized account of all my transactions with Mr. Koontz and yourself, I could understand it probably. So, please explain all about this bal. being $78 10-100, with interest, and be assured that I will pay it if I understand it, just as fast as I can.

Second: Please give me the principal of the note Mr.

Koontz holds against me, date, per cent and when it was due. Please state these particularly. I had hoped to begin paying interest at least on his note, but now that I have yours to pay, I will have to delay his. Let me hear soon.

Yours, etc.,

A. W. Walker."

"LaGrange, Ill., Jan'y 31st, 1891.

John M. Stroup, Esq., Sedalia, Ohio.

Dear Sir : I have been expecting to write you for some time concerning my indebtedness to Mr. Koontz, and have only delayed because I have not seen my way clear to pay even the interest on note, and keep along with the expenses of my little family, living being very high in Chicago and suburbs.

I did write you a long while ago, wishing to renew my note, giving new note for principal and interest, less a fair remuneration for looking after rents, and the farms generally.

I now write you, friend Stroup, and ask you to arrange the matter with Mr. Koontz, as he is getting old, and such matters, I presume, annoy him. I will pay every cent I owe him, if I live, but I must have time. 1 now can see my way clear to pay at least the interest for next year, and possibly some on the principal, if I am not disappointed in my school prospects for next year. Since leaving Windsor I have relied on my own resources, and have only been able to keep up current expenses, having to compete with old men teachers, and my salary in consequence being small. But my prospects are brightening, and I want to arrange to meet my note just as fast as I can. Had I not been disappointed in my expectations with father, I would have met this note before, but as it is, I must pay along now just as I can save from my salary. Father and I, however, are not estranged.

Now, this is what I want to do, and want you to get Mr. Koontz to do. I want to give a new note for amount due 1st February, having five years to pay it in, bearing seven per cent interest, I agreeing to pay interest annually, and

as much on note as I can. I feel that by that time I can pay it off. Now let the new note include principal of old note and interest up to February 1, 1891, less amount due me for looking after matters. Do you think $50 a year is unreasonable? I have an account of all moneys received and paid out, kept at the time, but can not come upon it yet, but I am sure it is in my papers somewhere. But you remember we settled up in the spring of 1883 some time.

Do urge upon Mr. Koontz not to feel that I have, through choice, delayed making any provisions to meet my note; nothing will please me better than to be able to meet his note against me, as I hope to, but I have had a pretty hard time, but I'll come out all right.

Write me soon. Remember me kindly to Mrs. Koontz and your wife, and believe me,

Yours very truly,

A. W. WALKER."

These letters were written by the appellee to John M. Stroup, who was acting as agent for Mr. Koontz, and it was admitted by appellee's counsel that Mr. Stroup was acting in that capacity.

To the introduction of these letters the court sustained an objection, and appellant duly excepted.

The following letters of appellee were then offered in evidence by appellant, and the court sustained objections of appellee to each of them, the appellant duly excepting thereto.

"COOK COUNTY, ILLS., Mar. 18, 1892.

MY DEAR MR. KOONTZ:

Yours of recent date forwarded to me, and I am sorry and even mortified not to be able now, and long before, to settle up matters with you. I have been teaching for the last few years, but, live as economically as we can, I don't get ahead any yet, but I do hope to get an increased salary in the course of a year or eighteen months, if not greatly disappointed. I had hoped all the time to get an advanced salary so as to begin paying on note, but I have not been able to do so.

Mr. Stroup claimed that I was back in our settlement·

Freeman v. Walker.

which you gave him, and while I could not remember anything about it clearly, yet on his statement, I borrowed the amount of a fellow teacher and sent him by draft. Do you know whether he received it? If so, tell him to send my note.

It is my purpose to begin paying you off as soon as I can, and as soon as I get this borrowed money paid back, I will put my first savings toward paying you. I do trust you will not be greatly grieved by being kept out of payment so long, but it is all that I can do now.

Let me hear from you soon here at Lyons. Give my regards to your wife. Father is quite well now, and enjoys himself.

Respectfully,

AMOS WALKER."

"LA GRANGE, ILLINOIS, March 18, 1895.

W. A. Koontz, Esq., Sedalia P. O., O.

DEAR SIR: Your favor of 14th inst. rec'd and in reply can assure you that nothing would so satisfy me as to meet you and your wife and honestly and frankly talk over matters and explain my situation fully —for I can not write it. I have had a hard struggle, but I am sure to make a success yet, when I'll be able to square myself with the world, but I'm not able yet.

I have been thinking of coming to see you and your wife in order to explain my situation to you both, in a full and satisfactory manner, and as you are intending to visit father this summer, write me when you will be there, and I will try and arrange to visit him at the same time, when I will explain to you my exact situation. I think if you and your wife knew all, you would not feel hard toward me.

Father is confined to the house now, but we hope he may soon be able to be out again.

I learned of the death of Mrs. Stroup, and you and your wife have, and had then, my truest sympathies—but we must take comfort and feel that so noble a girl and daughter as she was here, is there a white-robed saint, and awaits the coming of her dear ones.

Remember me kindly to your wife, and tell her for me

that I hope to see you both soon. Write me whenever you can. We have two boys, one eleven years, the other some two years old. We all enjoy good health.

So hoping to hear from you whenever convenient,

I am, yours very truly,

A. W. WALKER."

It was admitted by appellee that the above letters were written to W. A. Koontz by appellee, and that the note and indebtedness referred to in all of the above letters are the note and indebtedness upon which this suit is founded, and described in the first count of the declaration.

WILBER, ELDRIDGE & ALDEN, attorneys for appellant.

JOHN H. BRADLEY, attorney for appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

Cases within the reason, but not within the words, of the statute of limitations, are not barred. Bedell v. Jenney, 4 Gil. 193.

In order to take a case out of the statute of limitations, there must be a promise to pay the debt, but such promise may be implied from an unqualified admission that the debt is due and unpaid. Ayers v. Richards, 12 Ill. 146; Parsons v. C. I. C. & I. Co. of La Salle, 38 Ill. 430; Norton v. Colby, 52 Ill. 198; Carroll v. Forsythe, 69 Ill. 127; Homer v. Starkey, 27 Ill. 13; Sennott v. Homer, 30 Ill. 429; Wooters v. King, 54 Ill. 343; Hayward v. Gunn, 4 Ill. App. 161.

The letter written by appellee, February 2, 1890, is an unqualified acknowledgment of the debt represented by appellant's note, and an intention to pay the same; so too, is the letter written March 18, 1892. That the note in suit is the note mentioned in each of these letters, was admitted upon the trial of the cause.

The letters offered in evidence should have been admitted.

The judgment of the Circuit Court is reversed, and the cause remanded.