## Thomas B. Shoaff v. Henry S. Funk.

1. WAIVER—*Of the Right to Assign Error.*—Where the defendant in arguing a motion for a new trial stated that he had no criticism to make or fault to find with the rulings of the court in the admissions or exclusion of evidence nor in the giving or refusing of instructions and that he relied upon two grounds only, viz., that the evidence did not warrant the finding and that the damages were excessive. It was held on appeal that he could assign only as error, that the verdict was contrary to the evidence and that the damages were excessive, the right to assign other errors having been waived by his action in the court below.

2. VERDICTS—*On Conflicting Evidence.*—When there is a conflict in the evidence the jury and the trial judge who saw the witnesses and observed their manner when testifying are better able to determine where the truth lies than a court of appeal.

Trespass, on the case for slander. Appeal from the Circuit Court of Vermilion County; the Hon. FERDINAND BOOKWALTER, Judge, presiding. Heard in this court at the November term, 1897. Affirmed. Opinion filed February 9, 1898.

SALMANS & DRAPER and TILTON & CUNDIFF, attorneys for appellant.

PENWELL & LINDLEY, attorneys for appellee.

OPINION PER CURIAM:—Appellee brought this suit in the Circuit Court of Vermilion County against appellant, charging him with slander; the slanderous charges were, that on April 1, 1897, appellant said of and concerning appellee that "he (appellee) was a damned thief, and he (appellant) could prove it, and he (appellant) would have him (appellee) in the penitentiary.

"You (appellee) are a damned thief.

"You (appellee) are a damned thief and I (appellant) can prove it.

"You (appellee) are a thief and ought to be in the penitentiary.

"You (appellee) are a damned thief and I (appellant) can prove it, and I (appellant) will get you (appellee) in the penitentiary.

"You (appellee) are a thief."

Appellant pleaded the general issue which put in issue all the material facts alleged by appellee in his declaration.   There was in the court below a trial by jury and a verdict returned for appellee for $2,500. Appellant then moved for a new trial, assigning numerous errors, calling in question various rulings of the trial court on the admission and exclusion of evidence, the giving and refusing of instructions, and complaining that the verdict was contrary to the evidence and the damages excessive.

The bill of exceptions in the record in this case contains the following:

"Upon the argument of the defendant for a new trial of said cause, the lawyer for defendant stated to the court that the defendant had filed in this case the usual grounds for a new trial, but that he had no criticism to make or fault to find with the rulings of the court in the admission or exclusion of evidence, nor in the giving nor refusing of instructions; that he only relied on two grounds for a new trial, that is to say, that the evidence did not warrant the finding of the jury for the plaintiff, and that the damages were excessive.

"Therefore, the court, passing upon the motion for a new trial, only considered the two propositions argued by counsel for defendant.   And afterward on, to wit, the sixth day of August, A. D. 1897, it being of the regular days of said term of said court, in passing upon said defendant's motion for a new trial of said cause, the court held that the damages were excessive, and

that unless a remittitur was entered by the plaintiff of $1,250 a new trial would be granted. Thereupon counsel for the plaintiff entered a remittitur of $1,250 and the court thereupon overruled said motion of defendant for a new trial of said cause, and entered up judgment in favor of the plaintiff and against the defendant for $1,250 and costs of suit, to which action of the court in overruling said motion of defendant for a new trial of said cause, and in refusing to grant the same, and entering judgment in favor of the plaintiff, and against the defendant for $1,250 and costs of suit, counsel for defendant then and there duly excepted."

Appellant by appeal brings said case to this court, and assigns numerous errors on the record, but by reason of the waiver, by his lawyer in the court below, of the consideration of all the errors that may have intervened in the trial of this case in that court, except that the verdict was contrary to the evidence, and the damages were excessive, as shown by the bill of exceptions in the record herein, as above quoted, we are not called upon to consider only such errors as were not waived, and are assigned in this court, and argued in the brief of counsel for appellant; and those are two; the first is that the verdict and judgment is against the evidence, and the second is, the judgment, as rendered, is for an amount of damages that are excessive.

We have carefully read all the evidence in this record, and after duly considering the same, find there was a conflict in the evidence, and as we know the jury and the trial judge who saw the witnesses and observed their manner when testifying, were better enabled to determine a right where the truth lay than we are; and as they have found for appellee, we will not reverse their finding in that regard. As to the damages being excessive, when reduced to $1,250, as they were, by the

action of the trial court, we have concluded that that amount is not so excessive as to justify us in reversing this judgment on that account.   Hence we affirm it. Judgment affirmed.