THOMAS B. SHOAFF

*v.*

HENRY S. FUNK.

*Opinion filed October 19, 1899.*

APPEALS AND ERRORS—*failure to argue a question is a waiver.* The Appellate Court need only consider such assignments of error as were not waived and are argued in the brief for appellant.

CARTWRIGHT, C. J., dissenting.

*Shoaff* v. *Funk*, 73 Ill. App. 550, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Vermilion county; the Hon. F. BOOKWALTER, Judge, presiding.

SALMANS & DRAPER, and TILTON & CUNDIFF, for appellant.

PENWELL & LINDLEY, for appellee.

Per CURIAM: In deciding this case the Appellate Court delivered the following opinion:

"Appellee brought this suit in the circuit court of Vermilion county against appellant, charging him with slander. The slanderous charges were, that on April 1, 1897, appellant said of and concerning appellee, that 'he (appellee) was a damned thief and he (appellant) could prove it, and he (appellant) would have him (appellee) in the penitentiary.' 'You (appellee) are a damned thief.' 'You (appellee) are a damned thief and I (appellant) can prove it.' 'You (appellee) are a thief and ought to be in the penitentiary.' 'You (appellee) are a damned thief and I (appellant) can prove it, and I (appellant) will get you (appellee) in the penitentiary.' 'You (appellee) are a thief.'

"Appellant pleaded the general issue, which put in issue all the material facts alleged by appellee in his

declaration. There was in the court below a trial by jury, and a verdict returned for appellee for $2500. Appellant then moved for a new trial, assigning numerous errors, calling in question various rulings of the trial court on the admission and exclusion of evidence, the giving and refusing of instructions, and complaining that the verdict was contrary to the evidence and the damages excessive.

"The bill of exceptions in this cause contains the following: 'Upon the argument of the defendant for a new trial of said cause the lawyer for the defendant stated to the court that the defendant had filed in this cause the usual grounds for a new trial, but that he had no criticism to make or fault to find with the rulings of the court in the admission or exclusion of evidence nor in the giving or refusing of instructions; that he only relied on two grounds for a new trial,—that is to say, that the evidence did not warrant the finding of the jury for the plaintiff, and that the damages were excessive. Therefore the court, passing upon the motion for a new trial, only considered the two propositions argued by counsel for the defendant, and afterwards, on, to-wit, the sixth day of August, A. D. 1897, it being of the regular days of said term of said court, in passing upon said defendant's motion for a new trial of said cause the court held that the damages were excessive, and that unless a *remittitur* was entered by the plaintiff for $1250 a new trial would be granted. Thereupon counsel for plaintiff entered a *remittitur* of $1250, and the court thereupon overruled the said motion of defendant for a new trial of said cause and entered up judgment in favor of the plaintiff and against the defendant for $1250 and costs of suit, to which action of the court in overruling said motion of defendant for a new trial of said cause and in refusing to grant the same and entering judgment in favor of the plaintiff and against the defendant for $1250 and costs of suit, counsel for defendant then and there duly excepted.'

"Appellant, by appeal, brings said cause to this court and assigns numerous errors on the record, but by reason of the waiver by his lawyer, in the court below, of the consideration of all the errors that may have intervened in the trial of this case in that court, except that the verdict was contrary to the evidence and the damages were excessive, as shown by the bill of exceptions in the record herein, as above quoted, we are called upon to consider only such errors as were not waived and are assigned in this court and argued in the brief of counsel for appellant. And these are two. The first is, that the verdict and judgment are against the evidence; and the second is, the judgment as rendered is for an amount of damages that are excessive.

"We have carefully read all the evidence in this record, and after duly considering the same find there was a conflict in the evidence, and, as we know, the jury and the trial judge, who saw the witnesses and observed their manner when testifying, were better enabled to determine aright where the truth lay than we are, and as they have found for appellee we will not reverse their finding in that regard. As to the damages being excessive when reduced to $1250, as they were by the action of the trial court, we have concluded that that amount is not so excessive as to justify us in reversing this judgment on that account, hence we affirm it."

We concur in the views expressed in the foregoing opinion of the Appellate Court and in the conclusion reached by that court. Accordingly, the judgment of the Appellate Court is affirmed.        *Judgment affirmed.*

Mr. CHIEF JUSTICE CARTWRIGHT, dissenting.