Walker v. Freeman.

---

## Amos W. Walker v. Reuben R. Freeman, Ex'r, etc.

| 94 | 357 |
| s110 | 405 |
| 94 | 357 |
| s209s | 20 |
| 94 | 357 |
| 113 | ² 40 |

1. FORMER DECISIONS—*Effect upon Subsequent Proceedings.*—Where the judgment of the Appellate Court is one of general reversal and remanding, the trial court upon a retrial of the cause and this court upon a subsequent appeal, may look at the opinion of the court upon the former appeal to ascertain what the law applicable to the case was held to be.

2. RES ADJUDICATA—*Decisions upon Former Appeals.*—A decision of the Appellate Court upon a former appeal to the effect that certain letters relied upon to show a new prominse tend to establish such fact and should have been admitted, and which were afterward admitted in

evidence upon the second trial, and from which the jury found that a new promise had been made, is *res adjudicata* upon the question of their competency, and is not open to discussion upon a subsequent appeal of the same case.

3. LIMITATIONS—*New Promise—Construction of the Statute.*—It is enough to satisfy the statute that a writing must be either in terms a new promise in order to remove the bar, or that it must contain in written words everything necessary from which a written promise may be inferred. The statute merely requires a different mode of proof; the inquiry still being, whether the written words amount to a new promise in legal effect is the same as before the statute.

4. SETTLEMENTS—*Propositions for, Not Binding Unless Accepted.*— A proposition made by way of settlement or compromise of a claim is not binding upon the parties unless it is accepted.

**Assumpsit,** on a promissory note. Appeal from the Circuit Court of Cook County; the Hon. EDMUND W. BURKE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1901. Reversed and remanded. Opinion filed March 29, 1901.

SHOPE, MATHIS & BARRETT and JOHN H. BRADLEY, attorneys for appellant.

ALDEN, LATHAM & YOUNG, attorneys for appellee.

MR. PRESIDING JUSTICE SHEPARD delivered the opinion of the court.

This suit was begun by W. A. Koontz upon a promissory note made by appellant. Koontz dying, the suit was proceeded with by appellee, as executor of his last will and testament. To the action, special pleas of set-off, and of the statute of limitations, were interposed. Replications, of payment, of set-off, and of a new promise, were filed by plaintiff, and rejoinders were filed by defendant.

The first trial of the case resulted in a judgment, upon a directed verdict, in favor of the defendant (appellant). On appeal therefrom, this court reversed that judgment and remanded the cause. Freeman v. Walker, 67 Ill. App. 309.

On the second trial, the present judgment for $2,806.25 was recovered in favor of the plaintiff (appellee), and is now appealed from. A copy of the note sued on, and copies of the letters relied upon as constituting evidence of the new promise, may be seen by referring to the report of Free-

Walker v. Freeman.

man v. Walker, *supra.*   Although it may not be properly
said that anything involved in the first appeal to this court
became *res adjudicata,* the judgment of this court being
then merely one of general reversal and remanding, the
trial court upon a retrial of the cause, and this court, now,
may look at the opinion of this court upon the former
appeal, to ascertain what the law applicable to the case was
held to be.   James v. Illinois Central R. R. Co., 93 Ill.
App. 294; Baker v. Hess, 53 Ill. App. 473; Clayton v. Feig,
183 Ill. 603.

The effect of the decision of this court on the former
appeal, was that certain letters relied on to show a new
promise, tended, at least, to establish that fact, and should
have been admitted in evidence.   They were accordingly
admitted in evidence on the second trial, and the jury found
from them that a new promise was made.   We will not
enter into a discussion, after the former holding, as to the
correctness of that decision.   It is binding upon us, in
respect of the letters being admissible in evidence.   But it
is said by appellant that certain of appellee's instructions,
numbered 2, 3 and 6, are contradictory of appellant's modi-
fied instruction, number 11, and that the new promise,
itself, must, under the statute, be in writing, and can not
be inferred or implied from anything in the writing.   We
do not agree to such contention.   It is enough, to satisfy
the statute, that, either the writing must be in terms a
promise, in order to remove the bar of the statute, or that
it shall contain in written words everything necessary from
which a written promise may be inferred.   The statute
merely requires a different mode of proof, the inquiry still
being, as before the statute, whether the written words
amount to a new promise in legal effect.   1 Wood on Lim-
itations, Secs. 84–86.

"Any statement verbally made which would formerly
have operated to revive a note, will have the like effect now
if reduced to writing."   Honn v. Pinnell, 61 Ill. App. 137.

We do not mean to be understood as approving appellee's
instructions 2, 3 and 6, in their entirety, by what we have

said. One or more of them trench very closely upon permitting the new promise to be inferred from parts of two or more separate letters written at widely separated dates, which it seems to be conceded by appellee can not be done. But inasmuch, if another trial of the case be had, this can be remedied, we dismiss the subject.

Appellant's 7th and 8th instructions that were refused might well have been modified and given, but in the form prepared and handed to the court, were too broad in parts, and in other respects did not state all the law they attempted to. We also dismiss further consideration of them because of their obvious ease of amendment to make them proper.

Coming now to the 1st and 4th instructions offered by the appellant, we think there was plain error committed by the court with respect of them.

The 4th instruction was refused by the court. It was as follows:

"If you believe from the evidence that the defendant proposed to adjust the claim if his services and expenses were allowed, and suggested that $50 be allowed him for them, and that such proposition of adjustment was not accepted by the decedent, he will not now be limited in his claim to that amount, if you find that his services and expenses were worth more than that amount."

The defense of set-off was the most important one left to the appellant, after it was determined that his letters should be submitted to the jury, and after they found from them, as they did, that a new promise had been made. In one of appellant's letters (that was admitted in evidence and was before the jury) to the agent of Koontz, appellant, in speaking of giving a new note, said:

"Now let the new note include principal of old note, and interest up to February 1, 1901, less amount due me for looking after matters. Do you think $50 a year is unreasonable."

The proposition was not accepted. In view of all that the record contains, the refusal to give this instruction was materially injurious to appellant. He was entitled to have the jury plainly instructed that the proposition, not having

been accepted, was not binding on him.  By two or more witnesses it was shown that appellant's services to Koontz were reasonably worth from $150 to $200 a year, and there was no contradiction to such testimony, except the fact that in the letter, written for securing a settlement, he had asked if $50 a year was an unreasonable charge.  It is reasonably plain, from the amount of the verdict rendered as compared with the amount proved to be due on the face of the note, that the jury held the appellant down to the amount stated in his unaccepted proposition, and omitted to allow him anything more.

That a proposition under such circumstances, made by way of settlement or compromise, is not binding unless accepted, is exceedingly familiar law, and is not disputed by appellee.  But to relieve against the refusal to give the particular instruction, appellee says that the error was cured by the giving of the 5th instruction asked by appellant.  Under some circumstances such might be held, but the fact that the proposition was so specific, and was in appellant's handwriting and before the jury, entitled the appellant to a specific instruction particularly referring to the fifty-dollar proposition, and negativing its effect as a matter of law.

The first instruction asked by appellant was refused as offered, but was modified by the court so as to read as follows, the modification being put by us within brackets:

" The giving the note by the defendant, is not evidence [making a *prima facie* case] that it was a settlement of his demand for services and expenses as agent, but it is a question of the intent of the parties, and is to be determined by you as a question of fact, from all the evidence relating to the transaction."

It is not quite plain what is meant by the modification.  In Crabtree v. Rowlan, 33 Ill. 423, it is decided that the law is in substance as expressed in the instruction before it was modified.  In that case it is expressly recognized that recent decisions of courts in other States hold otherwise, but refuse to depart from the rule, as stated in the instruction, formerly adopted in this State and long adhered to.

The qualification of that rule by the modification should not have been made. It was confusing, and not easily understood, and, to say the least of it, was misleading.

The appellee insists that the assignment of error with reference to the refusal of the court to admit in evidence a part of the deposition of the witness Voris, concerning an interview with one Stroupe, was waived by the appellant by withdrawing the point when the motion for a new trial was argued in the Circuit Court, and cites an authority that seems to support his position. Shoaff v. Funk, 73 Ill. App. 550; same case, 182 Ill. 224.

We therefore refrain from discussing the error assigned, although we may say that the argument of appellee on the merits of the proposition does not impress us as being sound.

Stroupe, the son-in-law of Koontz, was admittedly an agent for Koontz for a good many purposes, and in many of appellee's instructions is alluded to as being Koontz' general agent in the matter with appellant.

But for the errors in the other respects pointed out, the judgment is reversed and the cause remanded.