## Amos W. Walker v. Reuben R. Freeman, Executor.

1. LIMITATIONS—*What is Necessary to Remove the Bar of the Statute.*—To remove the bar of the statute of limitations the plaintiff must prove an express promise to pay, or a conditional promise with a performance of the condition, or an unqualified admission that the debt is due and unpaid, nothing being said or done at the time rebutting the presumption of a promise to pay; it must be of such a character as to clearly show a recognition of the debt, and an intention to pay it. A conditional promise will not suffice, unless there is proof that the condition has been fulfilled.

Assumpsit, upon a promissory note. Appeal from the Circuit Court of Cook County; the Hon. EDMUND W. BURKE, Judge presiding. Heard in the Branch Appellate Court at the October term, 1902. Affirmed. Opinion filed November 17, 1903.

JOHN H. BRADLEY, attorney for appellant.

There must be an actual promise; an admission that the debt once existed is not sufficient to revive it. Wachter v. Albee, 80 Ill. 47, 50; Ayers v. Richards, 12 Ill. 148; Keener v. Crull, 19 Ill. 189; Ennis v. P. P. Car Co., 165 Ill. 175, 176, 179; Krebs v. Olmstead, 137 Mass. 505; Boone v. A'Hern, 98 Ill. App. 610; Hahn v. Gates, 102 Ill. App. 390–1.

The promise must be absolute and unconditional. A conditional promise will not revive the action. Teessen v. Camblin, 1 Ill. App. 428; Kimmel v. Schwartz, Breese, 281; Bell v. Morrison, 1 Pet. 360; Read v. Wilkinson, 2 Wash. C. C. R. 517; Drury v. Henderson, 36 Ill. App. 523–4; Kallenbach v. Dickinson, 100 Ill. 428; Lowery v. Gear, 32 Ill. 383; Wachter v. Albee, 80 Ill. 47; Dickerson v. Sutton, 40 Ill. 404; Parsons v. N. Ill. Coal & Iron Co., 38 Ill. 430; Boone v. A'Hern, 98 Ill. App. 610; Hahn v. Gates, 102 Ill. App. 390–1.

Walker v. Freeman.

ALDEN, LATHAM & YOUNG, attorneys for appellee.

A written promise to pay may be inferred from a written acknowledgment of the debt or a written admission of debt, showing an unqualified intention to pay. Starr & C. Stat., Chap. 83, Sec. 16; Honn v. Pinnell, 61 Ill. App. 139; 1 Wood on Lim., Sec. 84 (2d Ed.); Haydon v. Williams, 7 Bing. 163.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

This is a suit upon a promissory note executed by appellant, dated March 15, 1883, payable one day after date, against which the bar of the statute of limitations was pleaded. To this plea appellee replied, alleging a new promise in writing.

The facts involved are fully stated in opinions filed in this court upon two former appeals, and need not be repeated. Freeman v. Walker, 67 Ill. App. 309; Walker v. Freeman, 94 Ill. App. 357.

The question presented in the present record is whether a letter written by appellant, bearing date January 31, 1891, contains a statement by the debtor clearly admitting the debt to be due, and showing that the writer intends to pay it. Such admission of the debt and expression of intention to pay made in writing has the effect to take the obligation out of the bar of the statute. Honn v. Pinnell, 61 Ill. App. 139, and cases there cited. In Carroll v. Forsyth, 69 Ill. 127, it is said that to remove the bar of the statute the plaintiff must prove an express promise to pay, or a conditional promise with a performance of the condition, " or an unqualified admission that the debt is due and unpaid, nothing being said or done at the time rebutting the presumption of a promise to pay; it must be of such a character as to clearly show a recognition of the debt, and an intention to pay it," citing several cases in the same court. A conditional promise will not suffice, unless there is proof that the condition has been fulfilled. Boone v. A'Hern, 98 Ill. App. 610, and cases cited.

The letter in controversy speaks of "my indebtedness to Mr. Koontz" and states that had he not been disappointed in his expectations, the writer "would have met this note before, but as it is I must pay it along now just as I can save from my salary;" and "my prospects are brightening and I want to arrange to meet my note just as fast as I can." He then proposes to give a new note " for am't due Feb'y 1, having five years to pay it in, bearing seven per cent int. I agreeing to pay interest annually and as much on note as I can." The new note does not appear to have been given, but the language referred to certainly contains an unqualified admission that the debt is due and unpaid, and shows that the writer intends to pay it.

This conclusion makes it unnecessary to consider other questions discussed in the briefs. The judgment of the Circuit Court must be affirmed.