## W. S. Honn v. W. O. Pinnell.

| 61 | 137 |
|----|-----|
| 94 | ¹359 |
| 61 | 137 |
| 110 | ¹405 |

1.  LIMITATIONS—*New Promise—When to be in Writing.*—Under the present statute of limitations, the new promise to revive a debt, barred; must be in writing.

2.  SAME—*What Amounts to a New Promise.*—The court finds the correspondence stated in the opinion a clear and unequivocal acknowledgment of the debt.

Assumpsit, on a promissory note.  Error to the Circuit Court of Edgar County; the Hon. EDWARD P. VAIL, Judge, presiding.  Heard in this court at the May term, 1895.  Reversed and remanded.  Opinion filed November 15, 1895.

### STATEMENT OF THE CASE.

The action below was assumpsit to recover upon a note given by W. R. Pinnell, and Willis O. Pinnell, the appellee, to appellant's intestate.

The defense was the bar of statute of limitations, to which plaintiff replied a new promise in writing.

In support of the alleged new promise three letters signed by the appellee, and hereafter set forth, were introduced.

The first of these was in answer to letters from the appellant administrator, in one of which the administrator

informed the appellee that he had been appointed administrator, etc., and held a note against him and W. R. Pinnell; that W. R. was insolvent, and that payment was expected and demanded of him, the appellee. A full statement of the amounts, date of note, rate of interest, credits and of balance due, was inclosed by the administrator.

In reply, appellee wrote as follows:

PARIS, Ill., Nov. 29, 1893.

W. S. HONN: I received two letters from you and have failed to answer until now. After I received the first I was so completely surprised that I did not know what to write. I was aware of the W. F. Boyer note, for I received notice annually about the interest. I understood from W. R. Pinnell that the note he gave was paid; he may not have told me so in so many words, but that was his intention when he sold out in Edgar, and not receiving any word from your father in regard to the interest, took it for granted the note was paid, but all of this cuts no figure in the matter now. I do not want pressing at this time as times are hard and I have made no provision for the payment of these matters but know that I had to see them paid.

Yours,

W. O. PINNELL.

P. S. I have been slow to answer on account of corresponding with W. R. Pinnell."

The appellant replied, proffering to extend the time of payment and inclosing a note ready for the signature of appellee, in accordance with his proposition.

To this appellee replied as follows:

"PARIS, ILL., Edgar County, Dec. 14th, 1893.

W. S. HONN:

I received your letter in regard to the W. R. Pinnell note. That your proposition is as liberal as I could expect, and if it does not make any difference with you, I will not send you the note for a while, as I want to collect enough to pay it, if I can; if I find I can not without pressing those that owe me, I will let it run a short time.

Yours,

W. O. PINNELL."

In reply to a letter from appellant, administrator, saying new note had not been received and urging prompt action, appellee answered as follows:

"PARIS, ILL., Edgar County, Jan. 16, 1894.
W. S. HONN, Ashmore:

Yours received several days ago, and have failed to attend to the matter, for the reason that I have put the note away and I have forgotten where I put it. I can not find it; you will please make out another one with statement as before. I am sorry to put you to so much trouble for my accommodation.

W. O. PINNELL."

The Circuit Court rendered judgment for the defendant, and the administrator appealed.

GEORGE A. VAN.DYKE and DUNDAS & O'HAIR, attorneys for plaintiff in error.

HENRY TANNER and H. VAN SELLAR, attorneys for defendant in error.

MR. JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

The change effected by the enactment of our present statute is to require the promise to be reduced to writing. Prior thereto a verbal promise was sufficient.

Any statement verbally made which would formerly have operated to revive a note, will have the like effect now if reduced to writing. Wood on Limitations, Sec. 84–86. Haydon v. Williams, 7 Bingham 163.

An express promise was not formerly necessary. Wooters v. King, 54 Ill. 543; 13 Amer. & Eng. Ency. of Law, p. 753, note 2. Any statement of the debtor clearly admitting the debt to be due, and showing an intention to pay it, was considered an implied promise to pay and had the effect to take the case out of the statute. Keener v. Crull, 19 Ill. 19; Wooters v. King, *supra;* Carroll v. Forsyth, 69 Ill. 127; Schmidt v. Pfau, 116 Ill. 503.

Nothing further is now required, except the statement must be in writing.

We find in the letters written by the appellee a clear and unequivocal acknowledgment of the debt.

The only reasonable interpretation of the letter dated December 14th, is that the writer intends to pay the note.

It is qualified as to the time or manner in which he will pay, but is unconditional as to his intention. In effect the statement made in this letter is that the writer will pay the note, either by collecting from his debtors a sufficient amount, if he can make such collections without pressing unduly those who owe him, or by executing a new note as a payment of the old one, in accordance with the proposition of the administrator.

The plaintiff should, in our judgment, have prevailed.

The judgment must be reversed and the cause remanded.