## Amos L. Whiteman and Harmon M. Whiteman, Executors, etc., v. Electa M. McFarland.

1.  LIMITATIONS—*New Promise.*—In order to take a case out of the statute of limitations there must be a promise to pay the debt made within the statutory period, but such promise may be implied from an express and unqualified admission that the debt is due and unpaid, nothing being said or done at the time to rebut the presumption of a promise to pay.

Claim in Probate.—Appeal from the Circuit Court of Iroquois County; the Hon. THOMAS F. TIPTON, Judge, presiding. Heard in this court at the May term, 1896. Affirmed. Opinion filed December 9, 1896.

KAY & KAY, FREE P. MORRIS, and F. L. HOOPER, attorneys for appellants.

C. H. PAYSON and NELLY B. KESSLER, attorneys for appellee.

MR. JUSTICE LACEY DELIVERED THE OPINION OF THE COURT.

This was a claim filed by the appellee, Electa M. McFarland, against the estate of her father, Amos Whiteman, deceased, in the County Court of Iroquois County, at its April term, 1895. It was a suit for cash claimed to have been loaned to deceased, in his lifetime, during the years 1863–4–5–6, aggregrating the sum of $180, at ten per cent interest.

There was a trial in the County Court at that term and judgments against the appellants, as executors of the estate of Amos O. Whiteman, deceased, for $513.90. On appeal to the Circuit Court the case was again tried by a jury, March, 1896, resulting in a verdict of $702 in favor of appellee, and judgment against the appellants for that sum, to be paid in due course of administration. It will appear from the date of the supposed lending of the money, a term of twenty-nine or thirty years had elapsed before the death of the said Whiteman, and before the filing of the claim against

his estate, and that the statute of limitations had many times run against the claim unless, as insisted by appellee, that the bar of the statute was avoided by promises made by deceased to pay her within the limits of the statute.

The death of Whiteman took place March 5, 1895.

The statute of limitations was relied upon in defense of the action, and while it is not claimed that the claim would not be taken out of the statute of limitations if the evidence showed subsequent promise within the statute, yet it is insisted that admitting all that was testified to by the different witnesses it does not show enough to legally revive the claim, and the witnesses were not entitled to belief, and that appellee's evidence was sufficiently contradicted by that of the appellant, and that therefore the verdict was contrary to the evidence. It is insisted that appellee failed to prove and establish her claim in the first instance, as well as to show its revival by a new promise.

The appellee was barred from being a witness in her own behalf under the statute and relied entirely for the establishment of her claim, and also its revival under the statute, to evidence tending to show the admissions of Whiteman in his lifetime, and his subsequent promises to pay the debt.

The witnesses called on the part of appellee to establish the claim, and the subsequent promise to pay, were as follows: Isaac Thomas, James C. Kane, Mrs. Emily Webster, L. C. Whiteman, James T. Watkins, Mrs. S. C. Whiteman, David Tebo, Arthur Whiteman and Ethel Whiteman.

The evidence failed to show the loan of the money except to the amount of sixty to one hundred dollars, except by the testimony of Ethel Whiteman, whose evidence is mainly relied upon to bring the case within the statute of limitations. She testified that she was at the deceased's residence at a birthday party on the 9th of August, 1895, and that appellee was there; that a conversation took place between them and the deceased concerning this debt, and that, as near as she could remember, they were on the porch and she was sitting on the steps with her sister, and they brought up something about this school money. (The appellee claimed

to have earned this money teaching school, during the years in which it was claimed to have been loaned.)

The witness then testified that in that conversation the deceased, her grandfather, then said to the appellee, her aunt, " Well, I intend to pay you." Appellee said, " Well, it isn't much, but every little helps." Deceased said, " Well, $180 with interest will be no small amount."

The witness testified on being recalled that she got to the deceased's home between nine and ten o'clock; she thinks it was later than nine and not later than ten o'clock. On cross-examination the witness stated that at the conversation spoken of the appellee said, " It isn't much," and that witness spoke up and said, " How much is it ?" Deceased said, " One hundred and eighty dollars;" and appellee said, " Well, it don't amount to much," and deceased replied, "One hundred and eighty dollars and the interest will be no small amount."

The sister of appellee who heard the conversation is claimed by appellee to have been sick and unable to be present as a witness. Another one or more of appellee's witnesses testified that on another occasion deceased admitted that he was paying ten per cent, and that was the ruling rate of interest when he borrowed it.

It is insisted that this does not amount to such a promise as would save the running of the statute of limitations, but we think if it was uncontradicted it would be sufficient to authorize a jury to find there was such a promise.

It is laid down in several cases decided in the Supreme Court that in order to take the case out of the statute of limitations there must be a promise to pay the debt, but such promise may be implied from an express and unqualified admission that the debt is due and unpaid, nothing being said or done at the time to rebut the presumption of a promise to pay. It need not be an express promise. "Any language of the debtor to the creditor clearly admitting the debt to be due and unpaid, and showing an intention to pay it, will be considered an implied promise to pay and will take the case out of the statute." Wooters v. King, Adm'r,

54 Ill. 343; Ayers v. Richards, 12 Ill. 146; Keener v. Crull, 19 Ill. 189; Carroll et al. v. Forsyth, 69 Ill. 127; and many other cases might be cited.

According to the evidence for appellee, deceased admitted to Emily Webster that he had borrowed $60, which she had earned teaching school. This was in 1864. And deceased admitted to L. C. Whiteman, brother of appellee, that he owed appellee some money, and he intended to pay her; that was about four years before his death. The same witness also saw his father get money from appellee twice, the first time $40, in 1864, the next time in the spring of 1866, and he said he would pay her interest on the money. Mrs. S. C. Whiteman testified that deceased, in 1869, told her in the presence of appellee that he got appellee's school money, and that he intended to pay her every cent with ten per cent interest every year, and that he told her the same in the presence of appellee in 1883 and 1884.

Deceased said, in 1883, to Mrs. S. C. Whiteman, the reason he did not pay appellee more promptly was that she would wait and others would not, and that when he got the money that it was rating at ten per cent interest and that she should have ten per cent interest.

There is other evidence on appellee's behalf tending to establish the original debt and promise from time to time to pay it at ten per cent interest.

In rebuttal of this evidence appellant introduced evidence tending to show that deceased was able to pay this debt during his lifetime, if he had seen proper, and that he was a prompt man to pay his debts; and there was also evidence tending to impeach some of appellee's witnesses, showing that they had made contradictory statements out of court against what they had made in court as witnesses; and that one of the witnesses was prejudiced against deceased, and by other witnesses who were present at the birthday party testified to by Ethel Whiteman, tending to impeach her testimony by swearing to circumstances tending to show that deceased could not have been present on the porch and held the conversation which she testified to. But this last

testimony was not conclusive to show that the conversation could not have taken place as she testified.

All the evidence and rebutting evidence was before the jury, and it was its peculiar province to decide as to the sufficiency of the evidence.

We do not feel that the evidence was not sufficient to justify the jury in its verdict.

We do not think that the objections urged to the third, fourth, fifth and sixth instructions given for appellee can be sustained. In answer to the objection that there was not sufficient evidence on which to base those instructions, we will say that we think there was abundant evidence to submit to the jury on the questions involved both as to the amount of the debt originally and the subsequent promise.

There are other objections of lesser importance that have been urged by the appellant against the admission of evidence by the Circuit Court, which we do not think of sufficient importance to require an examination in detail, but we will say in general that while there might have been some slight error on the part of the court in such admission, such error, if any, could not have injuriously affected the verdict of the jury to the prejudice of the appellant.

There is only one question in this case that this court has any doubt about, and that is in regard to the sufficiency of the evidence showing the admissions of deceased to sustain the verdict as to the entire amount of interest allowed. The admission was, in substance, that deceased owed the $180, with interest, but the rate of interest was not stated. But as there was evidence of other witnesses tending to show the original amount agreed to be paid was ten per cent, the jury had a right to refer such admissions to the original promise and agreement, and to hold deceased's admission to Ethel Whiteman sufficient to sustain the claim of ten per cent, and there was no error on the part of the jury in returning a verdict for that amount.

Seeing no error in the record, the judgment of the court below is affirmed.