### Chicago Chronicle Company v. Lesser Franklin.
#### Gen. No. 11,863.

1. STATUTE OF LIMITATIONS—*effect of acknowledgment of indebtedness.* Where there is an acknowledgment of an indebtedness, it will be taken to relate to the entire demand, and the burden is on the party so acknowledging to show that it related to a part only of the debt demanded.

2. PERSONAL OBLIGATION—*when arises upon order placed in name of another.* Where a person orders a thing of value in the name of another without authority so to do, he becomes personally obligated upon account thereof.

3. FINDING OF COURT—*when set aside.* The finding of the court upon the facts will be set aside where clearly against the evidence.

Action of assumpsit. Error to the Circuit Court of Cook County; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in this court at the October term, 1904. Reversed and judgment here. Opinion filed March 27, 1905.

**Statement by the Court.** The plaintiff in error brought an action in assumpsit against the defendant in er-

ror upon a promissory note for $110, and on an open account for $464. Judgment was rendered for the plaintiff upon the note only.

It appears that the defendant, a real estate dealer, owned 3,300 lots in Franklin Park, a suburb of Chicago. Sales were slow and he conceived the scheme of forming a corporation to be called the Franklin Park Home Builders' Association, whose certificates when paid for should be exchanged for these lots. To carry out this scheme, January 5, 1898, defendant and his wife conveyed all of these lots to the Security Title and Trust Company in trust, to subdivide and to plat the property and to make conveyances of lots therein to holders of certificates in said association, under conditions specified in the deed. In this conveyance the defendant agreed to organize such an association, but this he never did further than to induce certain persons to promise to act as officers and directors. He also agreed therein to pay all the expenses of the association. Before this time the defendant had advertised his Franklin Park property in his own name in the newspaper published by the plaintiff. When that account amounted to the sum of $220, he compromised the same by giving his note for $110. After the said trust deed was executed, the defendant called at the office of plaintiff, and asked Mr. Jones, its auditor, to have the advertising account then standing in his name changed, for his own convenience, to the Franklin Park Home Builders' Association. Mr. Jones asked him who owned the land, and the defendant replied that he did. The change was made as he requested, but Mr. Jones says that the credit was given to the defendant, and that monthly statements relating thereto were sent him. After this change and in the months of January and February, 1898, the defendant ordered advertising, which was printed by plaintiff to the amount of $464. Bills for this sum were sent him monthly during the remainder of that year. January 4, 1899, the plaintiff sent the defendant a letter, in which two statements, one for the note and the other for the open account, for $464, were inclosed. This letter reads: "I inclose herewith state-

ments of two accounts which are of long standing, and concerning which several letters have passed between us. I would inquire if there is any prospect of your being able to favor us with a remittance for all or any part of the same in the near future." Eight days later the defendant replied: "Answering your letter of January 4, I wish to say that the prospects are better than they have been for years. * * Kindly bear with me until this coming spring and I will commence paying my indebtedness thereafter." There is evidence tending to prove that in March and in April, 1898, when Mr. Sage, collector for the plaintiff, asked him to pay these accounts, the defendant tried to make some arrangement with Mr. Sage by which the plaintiff would accept Franklin Park lots in settlement of the accounts; and in October and November, 1899, when the same accounts were presented to him by Mr. Portman, the defendant referred to this proposition and asked why it had not been accepted.

The cause was submitted to the court for trial. At the close of the plaintiff's evidence the defendant moved the court to exclude the evidence and to find the issues for the defendant. Thereupon the court excluded all evidence relating to the open account for $464, and gave judgment for the plaintiff upon the note for $110 with interest.

DANIEL V. GALLERY, for plaintiff in error.

EDWARD MAHER, for defendant in error.

MR. PRESIDING JUSTICE BALL delivered the opinion of the court.

This suit was commenced January 7, 1904. The Statute of Limitations had then run on the open account as it originally stood; but the defendant, prior to the time of the trial, did not deny his liability to pay this account, nor state that it was due and owing from the association; on the contrary, January 12, 1899, within the five years limited by the statute, when presented with a statement of the open account and of the note, he replies: "Kindly bear with me until the coming spring and I will commence paying my indebted-

ness thereafter," thus admitting the existence of the entire debt and his personal liability therefor, and his intention to begin its liquidation within the period of the next three months. The bill he was then asked to pay was made up of the note and of the open account, and his unlimited offer to pay his indebtedness logically includes both accounts. Where there is an acknowledgment of an indebtedness, it will be taken to relate to the entire demand, and the burden is on the party so acknowledging to show that it related to a part only of the debt demanded. Morrell v. Ferrier, 7 Colo. 22, and cases cited. The rule is that any language of the debtor clearly admitting the debt to be due and unpaid, and showing an intention to pay it, will be considered an implied promise to pay and will take the case out of the statute. Whiteman v. McFarland, 68 Ill. App., 295, and cases cited. A slight acknowledgment of a debt is sufficient to take the case out of the statute, if made before the statute has run. Deloach v. Turner, 7 Rich. L. (S. C.), 150. In the authorities cited by the defendant on this point the acknowledgment was made after the statute had run against the demand.

From its inception this indebtedness was that of the defendant. Even if the association had been regularly incorporated and a going concern, the defendant was not one of its officers, and as his counsel admits, had "no power to loose or bind that association," and would, therefore, bind himself only by ordering advertisements in its name. If the association was a name only, a fact which is clearly shown by the evidence, under which name the defendant did business, he is bound for and liable to pay all the bills thus contracted. In the deed of trust hereinbefore mentioned the defendant stipulated that he would pay all the expenses of the association, and to that end reserved to himself twenty per cent of all money paid into the association.

It is in evidence that the plaintiff was publishing advertisements on the order and on the credit of the defendant prior to January 1, 1898; that on or about that date the defendant asked that this account, for his own convenience,

be run in the future in the name of the association, admitting at the same time that he and not it owned the lands to be advertised; and that while the plaintiff agreed so to run the account, the credit was given to the defendant and not to the association. All of the open account originated under these conditions after this change was made. These circumstances make the undertaking of the defendant an original one. Lusk v. Throop, 189 Ill. 131.

It is true that when a case is tried by the court the same force and effect should be given to his findings upon questions of fact as are given to the verdict of a jury. Kaestner v. Oldham, 102 Ill. App. 373. It is also true that when in such trial, at the close of the plaintiff's case, the court, at the request of the defendant, decides against the plaintiff in whole or in part, he does so under the same limitations and restrictions which bind him when a motion is made to instruct the jury to find a verdict for the defendant. In the latter case the motion must be denied if there be any evidence, not considering testimony to the contrary, which fairly tends to establish a cause of action. First N. Bk. v. Northwestern Bk., 152 Ill. 301.

The reason why the defendant contests this open account may be that which is indirectly referred to by his counsel when he states: "One may deal at one time in a certain way, and at another time in an entirely different way. These transactions depend on circumstances. 'Needs must,' says the proverb, 'when the Devil drives.'"

For the reasons given the judgment of the Circuit Court is reversed and judgment will be entered here for the principal of the note for $110, with interest thereon at the rate of six per cent per annum from October 11, 1897, and also for the face of the open account, namely $464, with interest thereon at the rate of five per cent per annum from January 12, 1899; the interest in each case to be computed up to the date of the entry of judgment herein.

*Reversed and judgment here.*