# CASES

## FIRST DISTRICT

# APPELLATE COURTS OF ILLINOIS

### DURING THE YEARS 1917 AND 1918.

---

**William Harden and Grace L. Harden, Defendants in Error, v. A. C. Whitman, Plaintiff in Error.**

### Gen. No. 23,004.

1. CONFLICT OF LAWS, § 36*—*when law of forum governs as to statute of limitations in action on note.* The limitation law as to an action on a promissory note made in one State and payable in another was that of the forum, although neither party at the time of the making of the note was a resident of the State of the forum.

2. LIMITATION OF ACTIONS, § 79*—*when letter written after running of statute is insufficient to remove bar.* A letter written by the maker of a promissory note after the statute of limitations had run thereon, referring to the writer's hard circumstances and that he had debts which must be paid and expressing the hope that things might change for the better at no distant day and the wish to help the payee of the note, was not such an express and unconditional promise to pay the note and did not show a present or future intention to pay it as to remove the case from the operation of the statute, and was not a recognition of the debt.

3. LIMITATION OF ACTIONS, § 86*—*how promise to pay barred note may not be raised.* A promise to pay a note after the running of the statute of limitations thereon cannot be raised by implication of law, a new promise in writing being necessary.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

(106)

Error to the Municipal Court of Chicago; the Hon. William N. Gemmill, Judge, presiding. Heard in this court at the March term, 1917. Reversed with judgment of *nil capiat*. Opinion filed December 17, 1917.

John Early and A. D. Early, for plaintiff in error.

Irving M. Western, for defendants in error; Frederic R. De Young, of counsel.

Mr. Presiding Justice Holdom delivered the opinion of the court.

This is an action upon a promissory note for $1,000, which reads:

"1,000.00                    Nashua, Fla., Feb. 1st, 1895.

"One year after date we promise to pay Mrs. Orlin Harden or order One Thousand Dollars, with interest at the rate of six per cent per annum until paid, value received.

"Due Feb. 1st, 96.

Mrs. S. M. Whitman,
A. C. Whitman.

"No...........Payable at Clinton, Wis."

and is indorsed as follows:

"Interest paid May, 1899, Twenty Dollars.

Interest paid March, 1900, Forty Dollars.

For value received I assign all my interest in the within note to Wm. Harden and Grace L. Harden.

Orlin Harden."

One of the makers, Mrs. S. M. Whitman, has, since the making of the note and before the commencement of the suit, died. The payee also died, leaving her surviving her husband, Orlin Harden, and the plaintiffs in this suit, her son and daughter, her only heirs at law. Plaintiffs at the time of the commencement of the suit were the owners of the note. A judgment was entered by default and on motion vacated and defendant let in to plead, whereupon he filed an affidavit of merits, which, on motion, was stricken from the files and by leave of court he filed an amended

affidavit of merits in which he set forth as a defense that the claim or cause of action sued upon did not accrue within 10 years prior to the time of the commencement of the action; that no new promise of payment and no payments have been made, orally or in writing, by defendant within 10 years prior to the commencement of the suit, and that promises were not made on the 28th day of October, 1915, or on divers dates before that time, as alleged in the statement of claim. Upon a hearing before the court there was a finding and judgment in favor of plaintiffs and against defendant for $2,185.50.

It will be observed that the note was made in Nashua, Florida, and was payable at Clinton, Wisconsin. Neither party at the time of the giving of the note was a resident of this State. The limitation law applicable to this case is the law of the forum, and on a written instrument the limitation in this State is 10 years.

Plaintiffs contend that the action is supported by a new promise and that the statute of limitations is avoided. The plaintiff, Grace L. Harden, testified to having written a letter to the defendant on December 29, 1914, regarding this note and requesting payment. At this time the statute of limitations had run as a bar to the action. Defendant answered the letter under date of January 3, 1915, from Nashua, Florida, in these words:

"Your favor of the 29th ult. is re'd & noted. I certainly wish that I could help you at the present time, but I have had all that I could do for the past three years to keep above ground. The past year has been the worst yet. It is true that there is a fairly good crop of fruit here, but it is bringing next to nothing & I have debts that must be paid. I very much regret that your father is so poorly. Hoping that things may change for the better at no distant day, I am," etc.

We are unable to extract from this letter any express or unconditional promise to pay the note or

that defendant evidenced any present or future intention to pay it. To take the obligation out of the operation of the statute of limitations there must be a new promise in writing. A promise to pay after the running of the statute cannot be raised by implication of law.

Neither are we able to extract from the letter of defendant a recognition of the debt. As said in *Neustacher v. Schmidt*, 25 Ill. App. 632:

"The agreement and expressions are too equivocal to take the case out of the statute of limitations. 'The evidence must be clear and satisfactory to overcome the bar of the statute.' *Wachter v. Albee*, 80 Ill. 47; *Carroll v. Forsyth*, 69 Ill. 127. We regard the evidence offered by appellee to prove a promise in the first instance to pay  *  *  *  as being weak and unsatisfactory, and the evidence to support a new promise insufficient to sustain the verdict."

As said in *Carroll v. Forsyth*, 69 Ill. 131:

"The law, as recognized by this court, is that to remove the bar of the statute of limitations it is incumbent on the plaintiff to prove an express promise to pay the money, or a conditional promise with a performance of the condition, or an unqualified admission that the debt is due and unpaid, nothing being said or done at the time rebutting the presumption of a promise to pay—it must be of such a character as to clearly show a recognition of the debt, and an intention to pay it. *Parsons v. Northern Illinois Coal & Iron Co.*, 38 Ill. 433; *Ayers v. Richards*, 12 id. 148; *Norton v. Colby*, 52 id. 199."

None of these legal requirements is present in this case. *Walker v. Freeman*, 209 Ill. 17.

The note is barred by the statute of limitations, Rev. St. ch. 83, ¶ 16 ('J. & A. ¶ 7211), as no new promise to pay has been proven. In this condition of the record we must and do reverse the judgment of the Municipal Court, and a judgment of *nil capiat* will be entered in this court.

*Reversed with judgment of nil capiat.*