(No. 12907.—Appellate Court reversed; circuit court affirmed.)

LEWIS A. ABDILL, Plaintiff in Error, *vs.* WALTER A. AB-
DILL, Admr. Defendant in Error.

*Opinion filed February 18, 1920—Rehearing denied April 7, 1920.*

1. APPEALS AND ERRORS—*when Appellate Court should remand
cause.* ·Where there are erroneous rulings upon questions of law
by the trial court in a suit at law and the Appellate Court reverses
the judgment, the cause must be remanded in order that such errors
may be corrected upon another trial.

2. SAME—*when judgment of Appellate Court must be reversed.*
Where the Appellate Court reverses a judgment in an action at
law without remanding the cause or finding the facts in whole or
in part different from the findings of the trial court, and if as a
matter of law the facts sustain the judgment of the trial court the
judgment of the Appellate Court must be reversed.

3. SAME—*effect where the Appellate Court reverses without re-
manding or finding facts.* Where the Appellate Court, without re-
citing any facts in its judgment, reverses a judgment for the plain-
tiff without remanding the cause, it is presumed to have found the
facts the same as the trial court and to have regarded them as not
sufficient to sustain the cause of action, and the Supreme Court
will determine whether the Appellate Court ·correctly applied the
law to such facts.

4. SAME—*when a question of law arises.* Where a state of facts
is found in an action at law it is a question of law as to what
judgment should follow.

5. LIMITATIONS—*declaration of debtor to his partner does not
remove bar of statute.* A declaration of a debtor to his partner,
to the effect that he had not paid a certain debt due to a third
party, is not sufficient to remove the bar of the five year Statute
of Limitations.

6. SAME—*what will constitute an acknowledgment of a debt
and a promise to pay it.* Any language of a debtor to his creditor
clearly admitting the debt and showing an intention to pay it will
take the case out of the five year Statute of Limitations.

WRIT OF ERROR to the Appellate Court for the Third
District;—heard in that court on appeal from the Circuit
Court of Vermilion county; the Hon. WALTER BREWER,
Judge, presiding.

ACTON & ACTON, for plaintiff in error.

FRED L. DRAPER, and CHARLES R. SHANNON, for defendant in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The plaintiff in error, Lewis A. Abdill, had judgment in the circuit court of Vermilion county in an action of assumpsit on the verdict of a jury against the defendant in error, Walter A. Abdill, administrator with the will annexed of George W. Abdill, deceased. On appeal to the Appellate Court for the Third District the judgment was reversed and the cause was not remanded. This court allowed a writ of *certiorari* to the Appellate Court, and the case is now in this court on a writ of error.

Whenever an Appellate Court, in reviewing the judgment of a trial court, finds the facts in whole or in part different from the finding of the trial court the statute requires the Appellate Court to recite in its judgment the facts as found. If an Appellate Court does not recite in its judgment facts found differently from the trial court it is presumed to have found the facts the same as that court. If an Appellate Court finds the facts in controversy to be the same as found by the trial court it must affirm the judgment in the absence of erroneous rulings upon questions of law. If there are erroneous rulings in matters of law by the trial court and the Appellate Court reverses the judgment, the cause must be remanded in order that such errors may be corrected upon another trial. If it reverses a judgment without remanding the cause or finding the facts in whole or in part different from the findings of the trial court, and as a matter of law the facts sustain the judgment of the trial court, the judgment of the Appellate Court must be reversed. The law on this subject has been stated in a great many cases. (*Brant* v. *Lill*, 96 Ill. 608; *Coalfield Co.* v. *Peck*, 98 id. 139; *Commercial Ins. Co.* v. *Scam-*

*mon,* 123 id. 601; *Jones* v. *Fortune,* 128 id. 518; *Neer* v. *Illinois Central Railroad Co.* 138 id. 29; *Hawk* v. *Chicago, Burlington and Northern Railroad Co.* 138 id. 37; *Scovill* v. *Miller,* 140 id. 504; *Siddall* v. *Jansen,* 143 id. 537; *Hogan* v. *City of Chicago,* 168 id. 551; *Busenbark* v. *Saul,* 184 id. 343; *Sellers* v. *Thomas,* 185 id. 384; *Coverdale* v. *Royal Arcanum,* 193 id. 91; *Bunn* v. *Keach,* 214 id. 259.) The Appellate Court not having found the facts in whole or in part different from the finding of the circuit court, it must be held to have found the facts the same as the circuit court and regarded them as not sufficient to sustain the cause of action. When a state of facts is found it is a question of law as to what judgment should follow, and the question here presented, therefore, is whether the Appellate Court correctly applied the law to the facts as found.

The evidence for the plaintiff which was the basis of the finding and judgment was that on April 28, 1891, the plaintiff, for an expressed consideration of $7000, conveyed to George W. Abdill all coal and minerals under the surface of 160 acres of land owned by the plaintiff; that on the same day George W. Abdill and three other grantors, with their wives, conveyed to the Middlefork Coal Company the coal and minerals under a large body of land, including the land of the plaintiff, and the consideration for the coal and mineral rights under that tract of land was fixed therein at $7000; that George W. Abdill, within five years before the suit was brought, told his partner that he had not paid the plaintiff the consideration for the deed; that in the summer of 1914, within five years before the suit was brought, the plaintiff came to the office of George W. Abdill and said that he had been offered $16,000 for the coal underlying his land but he was tied up by the deed he had made to Abdill so that he could not make a deed; that plaintiff at that time made considerable noise, cursing and damning about the condition he was tied up in by having that offer made when he could not make a sale by rea-

son of being tied up with the deed to George W. Abdill, and that Abdill listened a while to his noise and finally rose up and said, "That's enough, young man; I will see that you get paid for the coal as much as you were offered," or words to that effect. There was no contradiction whatever of the testimony that George W. Abdill told his partner that he had not paid the consideration, which established that fact but was not sufficient to remove the bar of the Statute of Limitations. Neither was there any contradiction of the testimony that Abdill promised to see that the plaintiff should be paid for the coal as much as he had been offered. The question, therefore, is whether, as a matter of law, these facts sustained the judgment.

No formal set of words is necessary to constitute an acknowledgment of a debt and a promise to pay it. An absolute acknowledgment of the continuance of the debt and a promise to pay it is sufficient, and any language of the debtor to the creditor clearly admitting the debt and showing an intention to pay it will take the case out of the statute. (*Mellick* v. *DeSeelhorst,* Breese, 221; *Keener* v. *Crull,* 19 Ill. 189; *Horner* v. *Starkey,* 27 id. 13; *Sennott* v. *Horner & Hypes,* 30 id. 429; *Wooters* v. *King,* 54 id. 343; *O'Hara* v. *Murphy,* 196 id. 599; 17 R. C. L. 897.) The evidence clearly identified the debt as being the consideration for the coal and minerals under the plaintiff's land. It established beyond question by the admission of George W. Abdill that the debt had not been paid, and there was a promise by him to pay to the plaintiff the amount he had been offered for the coal and mineral rights, which the plaintiff then stated to be $16,000. The evidence satisfied every requirement of the law to remove the bar of the Statute of Limitations.

The Appellate Court was of the opinion that the first instruction given at the instance of the plaintiff was not based on any evidence in the case. The instruction is as follows:

"The court instructs the jury that if you find a verdict in favor of the plaintiff, and if you further find that when the deed in question was delivered to George W. Abdill that there was no express agreement as to the amount that the plaintiff was to be paid for the deed, and if you further find from the preponderance of the evidence that George W. Abdill, within five years before the bringing of this suit, verbally promised to pay to the plaintiff a certain sum for said deed and the plaintiff agreed to accept the sum so agreed to be paid by said George W. Abdill in full satisfaction of the indebtedness, or, in other words, consented to the price, if any, that was fixed by said George W. Abdill in said promise, if such promise was made, then the amount so agreed upon would be the amount that the plaintiff is entitled to recover in this case."

If the instruction had been wrong and justified a reversal of the judgment it would have been error not to remand the cause in order that the jury might be correctly instructed upon another trial, but the instruction was based on the evidence, and if the facts therein recited were found by the jury the law was correctly stated. Regardless of that question, the evidence was conclusive that George W. Abdill was indebted to the plaintiff; that the bar of the Statute of Limitations was removed by the new promise, and if the promise could be construed as an agreement to pay the consideration expressed in the deed the judgment was for less than such consideration with interest.

The judgment of the Appellate Court is reversed and the judgment of the circuit court affirmed.

*Judgment of Appellate Court reversed.*
*Judgment of circuit court affirmed.*