Linley W. Hurtt, Administrator of Estate of Margaret Maud Grindol, Deceased, Appellant, v. R. J. Steven, Appellee.

Gen. No. 9,549.

182

Opinion filed October 29, 1947. Opinion modified and rehearing denied February 4, 1948. Released for publication February 5, 1948.

MONROE, ALLEN & McGAUGHEY, of Decatur, for appellant.

EVANS, KUHLE & LEACH, of Decatur, for appellee.

MR. JUSTICE DADY delivered the opinion of the court. The circuit court of Macon county sustained a motion to dismiss this suit because of alleged insufficiency of plaintiff's amended complaint, and entered judgment for the defendant. Plaintiff brings this appeal.

The complaint, as amended, alleged that on Feb. 10, 1942, Mrs. Margaret Maud Grindol died intestate and plaintiff is administrator of her estate by virtue of letters of administration issued by the probate court of Macon county, Illinois; that on Oct. 16, 1930, and thereafter until her death, Mrs. Grindol resided continuously in the State of California; that on Oct. 16, 1930, the defendant was indebted to Mrs. Grindol in the sum of $3,400 as evidenced by his note dated Oct. 16, 1930, payable to her order, and duly delivered by mail to her in California; that under the statutes of California, in force at the time of the delivery of said note, ten per cent interest per annum was the maximum allowed rate upon written contracts, and the contract by the defendant to pay eight per cent per annum, as provided in said note, was therefore legal and binding; that being so indebted the defend-

ant made the following written statements to Mrs. Grindol with reference to said indebtedness: (a) In a letter dated Nov. 12, 1930, the defendant wrote: "I should be able to send you some money, a little at a time. I surely will do my best as I think you would"; (b) In a letter dated Dec. 3, 1930, he wrote: "I just can't raise any more money at this time, but I probably will be able to send you some as time goes by. I need your help. You don't need to worry, I will pay you every cent I owe you and it is sure sweet of you to help me out . . ."; that in consideration of his said indebtedness the defendant, being then without means to pay the same, made a renewal promise to pay said indebtedness as follows: In a letter postmarked at Decatur on Oct. 28, 1931, he wrote: "I have neglected writing you thinking maybe I would have some money to send you later if I waited, but I don't have it so will write you anyhow. I always try to be honest Mrs. Grindol because it doesn't pay to be otherwise, but if you can't do things you just can't that's all. I will send you some money just as soon as I possibly can;" that the promises of payment contained in each of said letters referred to said indebtedness of $3,400, which was the only debt owing by defendant to Mrs. Grindol at all times in question; that all of said letters were received by her in California in due course of mail; that it was the intention and agreement of said parties that the defendant would pay her at her domicile in California said indebtedness of $3,400 with interest at eight per cent per annum when he became financially able to do so; that Mrs. Grindol accepted and relied upon the promises of defendant referred to in said letter postmarked Oct. 28, 1931, and refrained from bringing any suit; "that under the law of the State of California, as decided by the Supreme Court of that State, said sum became due and payable when the defendant became financially able to pay"; that from the date of the

letter dated Nov. 12, 1930, until sometime subsequent to February 1944, defendant was financially unable to pay said indebtedness; that subsequent to the month of February 1944, defendant became and is now financially able to pay said indebtedness, and that said indebtedness has never been paid or otherwise satisfied.

A copy of such note, a copy of such letter dated Dec. 3, 1930, and a copy of the letter postmarked Oct. 28, 1931, were attached to and by reference made a part of the complaint. The note was dated "Decatur, Ill., Oct. 16th, 1930," and was payable one year after its date "at the Millikin National Bank of Decatur," with interest from date at eight per cent per annum. The letters contained the statements so alleged and quoted. For brevity, we consider it sufficient to say that the quoted parts of such letters are the only parts material to the present decision.

The motion to dismiss set up the Illinois ten year Statute of Limitations; that, in the alternative, if it be held that the action is predicated on the quoted parts of such letters, and that such letters toll the Statute of Limitations and constitute a new promise, then the amended complaint shows upon its face that the alleged cause of action is barred by the Illinois Statute of Limitations, and that the allegation in the complaint as to the laws of California is insufficient and but a conclusion of the pleader.

[1] We do not consider it necessary to decide whether the contract was made in Illinois, where the note was mailed, or in California, where it was received. The basic question is whether the present rights of the parties are governed by the laws of California or of Illinois. In *George v. Haas,* 311 Ill. 382, 386, the court said: "Parties are presumed to contract with reference to the law of the state where their contract is to be performed, and to be governed by such law rather than the law of the state where the contract was entered into. This rule has been declared

and applied in practically every variety of contract, including bills of exchange, promissory notes, and checks drawn in another state payable in this.''

■ If this suit had been brought solely on the note, and without regard to the quoted parts of such letters, it is our opinion that the rights of the parties would be governed by the laws of Illinois, for the note expressly provided that it was to be paid at a bank in Decatur, Illinois. Therefore such contract was to be performed in Illinois. We do not consider that the fact that the note bore a higher rate of interest than allowed by our statute shows that the parties agreed or intended that the contract should be performed in California.

■ Plaintiff contends that the quoted parts of the letters constitute a new promise, and that such new promise made California and not Illinois the place of performance. It is our opinion that the statements in such letters that he ''should be able to send'' her some money, that he would pay her every cent he owed her, and would send her some money as soon as he could, were not sufficient to change the place of the payment of the principal indebtedness from Illinois to California. Therefore it is our opinion that the rights of the parties are governed by the laws of Illinois.

■■ Defendant contends that the quoted parts of such letters are not sufficient to toll the running of the Illinois Statutes of Limitations. In *Walker v. Freeman*, 209 Ill. 17, 22, 23, the court said: ''To take a case out of the statute the new promise need not be an express promise to pay. If the debtor clearly admits the debt to be due and unpaid and uses language of an intention to pay, it will be considered an implied promise sufficient to take the case out of the statute. .. . . . If the debt be identified with such certainty as will clearly determine its character and show a present unqualified willingness and intention to pay, that is sufficient to constitute the new promise, within the re-

quirements of our statute. . . . There is no force in the argument that the statements by appellant, in substance, in his letters that he will pay when he is able, . . . made the promise conditional.'' By the language used in the letter of Oct. 28, 1931, defendant promised to pay within a reasonable time. (See *Folkerts v. Shields*, 319 Ill. App. 261, 263.) The complaint alleges and the motion to dismiss admits that at all times in question the only debt owed to Mrs. Grindol by ·the defendant was the indebtedness evidenced by such $3,400 note. Under these circumstances it is our opinion that the quoted part of the letter dated Oct. 28, indebtedness and such a promise to pay the same as 1931, was such an identification and admission of the to toll the Statute of Limitations.

Defendant next contends that even though the letter of Oct. 28, 1931, contained a sufficient acknowledgement and new promise to pay the indebtedness as to temporarily toll the statute, still the action is barred by the statute of limitations because not brought until July 16, 1946. In *Folkerts v. Shields*, 319 Ill. App. 261, 262, the court said: ''Appellants urge that a written obligation to pay a definite sum 'as soon as possible,' or 'as soon as able,' is an absolute promise to pay, and enforcible in an action at law after the lapse of a reasonable time. The instrument sued on was executed in December 1935. This suit was commenced in July 1941. The complaint charged and appellants urge that a reasonable time had elapsed between the date of the instrument and the filing of the suit. The various jurisdictions are not in accord on this question. Many of them hold that a promise to pay 'as soon as possible,' or when the promisor 'is able' is an absolute, and not a conditional promise, and will be considered a promise to pay within a reasonable time. We are of the opinion this State adheres to such rule.'' (See also *Horner v. Starkey*, 27 Ill. 13, and *Sennott v. Horner & Hypes*, 30 Ill. 429.)

We are not unmindful of the case of *Boone v. A'Hern*, 98 Ill. App. 610, 614, in which it was said that "a promise to pay when the promisor is able, or on a named contingency, is a conditional promise and there can be no recovery without proof that the condition has been fulfilled or the contingency happened." The *Boone* case is a well reasoned case and apparently in accord with the majority rule in other jurisdictions. (See 94 A.L.R. p. 721; 75 A.L.R. p. 597, and 27 L.R.A. (N.S.) p. 300.) However, we feel required to follow the *Walker* and *Folkerts* cases *supra* and, in so doing, to hold that under the particular facts the defendant had a reasonable length of time after October 28, 1931, in which to pay the indebtedness, that no action could be successfully maintained to collect thereon until the expiration of such reasonable time, and that until the expiration of such reasonable time the ten year statute of limitations did not begin to run against such an action. This suit was brought 14 years, 8 months and 18 days after the date of the new promise. Deducting the 10 year limitation provided by statute, leaves 4 years, 8 months and 18 days. We are of the opinion that we cannot properly say as. a matter of law that such last period of time was greater or less than the reasonable length of time in which the cause of action first accrued and became enforcible on the new promise. It is our opinion that under the particular facts of this case the question of what was the reasonable length of time in which defendant had to pay the indebtedness and before the expiration of which the suit could not have been properly brought, is a question of fact for the jury. (*Nagle v. J. L. Hanson Co.*, 262 Ill. App. 160.)

The Statute of Limitations, sec. 16 [Ill. Rev. Stat. 1945, ch. 83, par. 17; Jones Ill. Stats. Ann. 107.-276], so far as is material, provides that "if any . . . new promise to pay shall have been made, in writing, on any . . . note . . . within or after

the said period of ten years, then an action may be commenced thereon (that is, on the new promise) at any time within ten years after the time of such . . . promise to pay.'' Defendant contends that because of such statute the statute of limitations began to run on October 28, 1931, which was the date of the new promise, and not from the maturity of the promise made on October 28, 1931. If this contention is correct, then, if the new promise was so worded that the defendant thereby promised to pay the note, say, eleven years after the date of the new promise, the ten year statute of limitations would have run before the maturity of the new promise. We do not believe this would be a reasonable construction of the statute. In *Sennott v. Horner & Hybes,* 30 Ill. 429, 433, the court said: ''When the new promise to pay the note was made, it operated as a re-delivery at that date, and must be governed by the same rules as though it then came for the first time into existence.'' In *Kallenbach v. Dickinson,* 100 Ill. 427, 434, the court said: ''In practical effect the parol promise, or the payment, operates as the creation of a new debt of the same character or dignity as the old.'' It is our opinion that such quoted language supports our conclusion that the statute of limitations began to run at the maturity of the promise made on October 28, and not at the date of such new promise.

It is our opinion that the amended complaint stated a cause of action, and that the trial court erred in entering such judgment for defendant.

For the reasons indicated the judgment of the trial court is reversed and the cause is remanded with directions to the trial court to overrule the motion of the defendant to dismiss, and to require the defendant to further plead, and for further proceedings consistent with this opinion.

*Reversed and remanded with directions.*