**WACKMAN v. UNSCHULD.**

No. 9574.

United States Court of Appeals
Seventh Circuit.

Feb. 16, 1949.

Milton K. Joseph, of Chicago, Ill., for appellant.

Vincent O'Brien and Richard E. Voland, both of Chicago, Ill., for appellee.

Before KERNER and MINTON, Circuit Judges, and WHAM, District Judge.

KERNER, Circuit Judge.

Minnie Etta Wackman brought an action against defendant on his promissory note dated April 23, 1934, payable on October 23, 1934. Jurisdiction was based upon diversity of citizenship and requisite amount. The action having been brought on September 6, 1946, defendant interposed as a defense the Illinois 10-year Statute of Limitations. Mrs. Wackman set up a new promise within ten years immediately preceding the commencement of the action. The case was tried by the court on an agreed statement of facts. Upon the stipulated facts, the court concluded that within ten years next preceding the commencement of the action defendant in writing had acknowledged the note was unpaid and expressed his intention to pay the indebtedness, and entered judgment for plaintiff. To reverse the judgment, defendant has appealed.

While this appeal was pending, plaintiff's death was suggested, and Karl F. Wackman, as executor, was substituted as plaintiff. From the record it appears that defendant was never indebted to plaintiff's decedent except upon the note in question. Regarding this indebtedness, defendant wrote four letters. In our view, we need to discuss only the letter dated January 2, 1939, addressed to Mrs. Wackman. In that letter he said:

"Your letter of December 4th just received. As you see I am at present in London trying to sell my gas, which I hope I will be successful.

"I think this is your right address, if not please send it to me.

628

"Things are in terrible condition now in Germany. It is hard to describe how things are today there.

"I hope to be able to repay you the money very shortly."

Ill.Rev.Stat.1947, c. 83, § 17, provides:

"Actions on * * * promissory notes * * * shall be commenced within ten years next after the cause of action accrued; but if any * * * new promise to pay shall have been made, in writing, * * * on any * * * note, * * * within or after the said period of ten years, then an action may be commenced thereon at any time within ten years after the time of such * * * promise to pay."

█ The Illinois courts in construing the statute have held that a slight acknowledgment, if made before the statute runs, is sufficient to take the case out of the Statute, Chicago Chronicle Co. v. Franklin, 119 Ill.App. 384, and that no formal set of words is necessary to constitute an acknowledgment of a debt and a promise to pay it. A new promise in explicit terms is not required. To satisfy the statute, it is enough if the writing contains words from which a written promise may be inferred. Walker v. Freeman, 94 Ill.App. 357, 359. Any language of the debtor to the creditor clearly admitting the debt and showing an intention to pay the debt will take the case out of the Statute. Abdill v. Abdill, 292 Ill. 231, 126 N.E. 543. And if the debtor clearly admits the debt to be due and unpaid, and uses language expressing an intention to pay it, it is considered an implied promise sufficient to take the case out of the Statute. Walker v. Freeman, 209 Ill. 17, 70 N.E. 595.

█ A promise is implied from an unqualified admission that the debt is due and unpaid, accompanied by nothing said or done to rebut the presumption of a promise to pay it. Edwards v. Harper, 234 Ill.App. 296; Honn v. Pinnell, 61 Ill.App. 137; and Hurtt v. Steven, 333 Ill.App. 181, 77 N.E. 2d 204.

Defendant makes the point that in determining whether any new promise was made, the entire letter must be considered; that when the letter in our case is so considered, it must be held that the promise, if he made any promise at all, was conditional, and where the promise is conditional, it must be shown that the condition has been complied with. In support he cites Boone v. A'Hern, 98 Ill.App. 610, and Harden v. Whitman, 209 Ill.App. 106, and he points to the fact that the language "I hope to be able to repay you the money shortly" must be construed in the light of the sentence "As you see I am at present in London trying to sell my gas, which I hope I will be successful." The argument is that there is no proof that he sold the gas and that at most defendant was hoping to dispose of some property, and if the sale was successful, he would then be able to pay some money to plaintiff.

The Harden case is clearly not in point. The court was unable to extract from the letter in that case any promise to pay the note or that defendant evidenced any present or future intention to pay it. It is true that in the Boone case the court said that certain " * * * American authorities support the proposition that a promise to pay when the promissor is able, or on a named contingency, is a conditional promise and there can be no recovery without proof that the condition has been fulfilled or the contingency happened." That case, however, has been rejected by various decisions of the Illinois courts. Hurtt v. Steven, supra, 333 Ill.App. 181, 77 N.E.2d 204. For example, the language "Well, I intend to pay you" was held sufficient to imply a new promise, Whiteman v. McFarland, 68 Ill. App. 295. And it has been held that a promise to pay "as soon as possible" or when the promissor "is able" is an absolute and not a conditional promise. Folkerts v. Shields, 319 Ill.App. 261, 49 N.E.2d 295, and Walker v. Freeman, supra, 209 Ill. 17, 22, 70 N.E. 595. We think the language "I hope to be able to repay you the money very shortly" is much more forcible and direct than the language used in the cases just cited.

█ Here we have an unqualified admission from defendant that a debt is due and that it is unpaid. Nothing was said or done at the time the admission was made to rebut the presumption of a promise to pay. On the contrary, the admission shows clearly a willingness and intention to pay the

indebtedness. In this situation, the Statute of Limitations presented no defense to the action. Accordingly the judgment of the District Court is affirmed.