George IVEY, Plaintiff-Respondent,

v.

David GILLILAND, Defendant-Appellant.

No. 15021.

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 1, 1987.

---

W. Gary Drover, Camdenton, for plaintiff-respondent.

John E. Curran, Shaun K. Baskett, Curran, Colyer & Clifford, Osage Beach, for defendant-appellant.

PREWITT, Presiding Judge.

The question presented is whether an acknowledgment of a debt and promise to pay it later causes the statute of limitations to run from the date of the acknowledgment and promise or to run from the time that promise was to be fulfilled.

Defendant rented a house from plaintiff for $150 a month from May 1980 through December 1980. There was no written agreement. Rent was due on the first day of each month. By an undated letter delivered prior to December 30, 1980, defendant notified plaintiff that he would be vacating the premises. In the letter defendant told plaintiff that he would "send you some money as soon as I can after the first of the year." At that time the rent for September, October, November and December was unpaid. None of it was ever paid.

On December 30, 1985, plaintiff filed suit for the unpaid rent. Defendant raised the statute of limitations as a defense. Initially plaintiff's petition was dismissed because of the bar of the statute of limitations. Application for trial de novo was then filed by plaintiff. Following nonjury trial judgment was entered in favor of plaintiff for $600 and costs. Defendant appeals.

The parties agree that the applicable statute of limitation is § 516.120, RSMo 1986. It provides what actions must be filed within five years. After the due date of a debt an express promise to pay it, or acknowledgment of the debt, can extend the time that the suit may be filed beyond what the statute of limitations would ordinarily provide. See *Francis v. Scott County Milling Co.*, 220 S.W.2d 774 (Mo.App. 1949). For the purpose of this opinion we assume that the letter contained a sufficient acknowledgment or promise to extend that time. On that subject see *Green v. Boothe*, 239 Mo.App. 73, 188 S.W.2d 84, 88 (1945).

If the statute runs from the time the letter was delivered, before December 30, 1980, then plaintiff's claim is barred. If the statute starts to run when payment was promised in the letter, "after the first of the year", then the action is timely. We conclude that the statute runs from the time the letter was delivered and hold that plaintiff's claim is barred.

The purpose of statutes of limitations is to prevent the assertion of stale claims, *Ruhling v. Robert Dawes Construction Co.*, 610 S.W.2d 403, 406 (Mo.App.1980), as such they are "favored in the law". *Langendoerfer v. Hazel*, 601 S.W.2d 290 (Mo. App.1980). See also 51 Am.Jur.2d Limitation of Action § 17, p. 602 ("General aims and purposes"), § 50 p. 630 ("Strict or liberal construction") (1970). The parties have not cited us to any authority which directly discusses the issue here. Our research has discovered only one case that does.

*Hurtt v. Steven*, 333 Ill.App. 181, 77 N.E.2d 204 (1948), held that the statute of limitations ran not from the date of a new promise to pay but "began to run at the maturity of the promise". 77 N.E.2d at 208. In that case defendant wrote his creditor that he would "send you some money just as soon as I possibly can". After determining that this was a promise to pay within a reasonable time, the court stated that "no action could be successfully maintained to collect thereon until the expiration of such reasonable time". 77 N.E.2d at 207. Holding that the statute of limitations did not begin to run until the conclusion of this "reasonable time", the court ruled that the statute of limitations had not run as a matter of law and remanded the

matter for a determination of what was a reasonable time.

We believe that the court in *Hurtt* used faulty reasoning and decline to follow it. It illogically combines the rule of when the statute of limitations is extended by a new promise with the rule for determining the due date of an original but indefinite promise. For cases discussing the latter rule, see generally Annotation, When statute of limitations commences to run against promise to pay debt "when able," "when convenient," or the like, 28 A.L.R.2d 786 (1953); 51 Am.Jur.2d Limitation of Actions § 129, p. 699 (1970). The court also proceeded upon the incorrect assumption that during the period between the new promise and its maturity no action could be maintained.

*Chidsey v. Powell*, 91 Mo. 622, 4 S.W. 446 (1887), involved a letter acknowledging a debt and indicating that payment might be made if the crop is "better this year". In finding that the statute of limitations did not prevent the suit the court said, "when the acknowledgment is thus made before the debt is barred, the statute will begin to run from the time of the acknowledgment." See also *State ex rel. Board of County Com'rs of Mahoning County v. Rhodes*, 86 Ohio Law Abst. 390, 177 N.E.2d 557, 568 (C.P.1960) (Statute of limitations runs from date acknowledgment or promise was made); 51 Am.Jur.2d Limitation of Actions § 320, p. 823 (1970); 54 C.J.S. Limitations of Actions § 320, p. 415 (1948).

Of course, had the parties contracted for an extension of time to make the payment, the result could have been different. See *First Nat. Bank of Birmingham v. Hendrix*, 241 Ala. 675, 4 So.2d 407, 409 (1941); *McNeill v. Simpson*, 39 S.W.2d 835, 836 (Tex.Com.App.1931). Defendant's promise to pay after the first of the year did not prevent plaintiff from filing this action as may have been the situation if there had been a valid extension agreement.

The rent was due on December 1, 1980 and plaintiff's right to sue has been unimpeded since that time. He did not file suit until more than five years had elapsed, both from the date the last rent payment was due and from receipt of the letter promising to pay him later. As the statute of limitations ran from the date of the acknowledgment and promise, plaintiff's claim was barred.

The judgment is reversed and the cause remanded to the trial court for entry of a judgment in favor of defendant.

HOGAN, FLANIGAN and MAUS, JJ., concur.